TEL-CRAFT CIVIC ASSOCIATION *v.* CITY OF DETROIT.

1. EVIDENCE—CROSS-EXAMINATION OF OPPOSITE PARTY—UNDISPUTED TESTIMONY.
   Plaintiffs were bound by the undisputed testimony of the secretary of the city planning commission that zoning ordinance which permitted the erection of multiple dwellings on defendants' 32-acre tract of land was reasonable, where plaintiffs had called such witness, an officer of one of the defendants, for cross-examination under the statute (CL 1948, § 617.66).

2. SAME—CROSS-EXAMINATION OF OPPOSITE PARTY—STATUTES.
   One who calls an opposite party for cross-examination under the statute is bound by the undisputed testimony of such witness (CL 1948, § 617.66).

3. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—REASONABLENESS.
   The determination of a city council as to the application of a zoning ordinance is final and conclusive unless it can be shown that the council acted arbitrarily or unreasonably.

4. SAME—ZONING ORDINANCE—COURTS.
   A court may not alter or modify a zoning ordinance adopted by a municipal corporation.

5. CONSTITUTIONAL LAW—STATUTES—ORDINANCES—COURTS.
   Courts may pass upon the validity of statutes and ordinances but may not legislate nor undertake to compel legislative bodies to do so one way or another.

6. SAME—MUNICIPAL CORPORATIONS—PUBLIC WELFARE—COURTS.
   The good faith of a municipal council in acting for the public welfare cannot be questioned by the judicial branch of government.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses § 792 *et seq.*
[3] 58 Am Jur, Zoning § 194 *et seq.*
[4] 58 Am Jur, Zoning § 227.
[5] 11 Am Jur, Constitutional Law § 91 *et seq.;* 50 Am Jur, Statutes § 228.
[6] 50 Am Jur, Statutes § 383.
[7, 10] 58 Am Jur, Zoning § 55 *et seq.*
[9] 24 Am Jur, Fraud and Deceit §§ 255, 256.

7. FRAUD—EVIDENCE—MUNICIPAL CORPORATIONS—ZONING ORDINANCE.
Fraud on the part of defendants in the erection of multiple dwellings on 32-acre tract, zoned to permit such construction, *held,* not shown in record presented, either by reason of the fact that original purpose of such zoning of the tract was to permit the erection of an orphanage and defendants could have ascertained such fact or because defendants failed to disclose their intent to use the entire area for such purpose when they first started its development. .

8. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—BUILDINGS.
Owners of land, zoned to permit erection of certain types of construction, are not required to search beyond the provisions of the municipal zoning ordinance itself to determine whether their proposed construction is legal.

9. FRAUD—PRESUMPTIONS—EVIDENCE.
Fraud is not presumed, but must be affirmatively established by clear and convincing evidence.

10. MUNICIPAL CORPORATIONS—ZONING—MULTIPLE DWELLINGS.
Use of 32-acre tract for erection of multiple dwellings *held,* not inconsistent with the general zoning plan of the city nor to have nullified purpose for which ordinance was adopted in view of isolation from single residence areas, proximity to business purpose areas, provision for off-street parking, and adequate highways.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 11, 1953. (Docket No. 77, Calendar No. 45,811.)   Decided October 5, 1953.

Bill by Tel-Craft Civic Association, a Michigan nonprofit corporation, and another against City of Detroit and others to restrain the building of multiple housing units on certain property. Decree for defendants.  Plaintiffs appeal.  Affirmed.

*Davidow & Davidow,* for plaintiffs.

*Paul T. Dwyer,* Corporation Counsel, and *Arthur L. Barkey,* Assistant Corporation Counsel, for defendant City of Detroit.

*John P. O'Hara* and *Earl L. Shimer,* for defendants Stollman.

Adams, J.  The plaintiffs in this action seek an injunction to restrain defendants from constructing several multiple dwellings on a 32-acre parcel of land located at the intersection of Schoolcraft and Telegraph roads in the city of Detroit.

The land was purchased in 1929 by St. Vincent's Orphan Asylum as a site for an orphans' home.  In 1940 the council of the city of Detroit decided that a city zoning ordinance was needed.  In preparing the proposed ordinance the city plan commission was called upon for assistance and, after some study, tentatively recommended that the 32-acre parcel be zoned R 1 which would have permitted the land to be used for single-residence purposes only.

Upon learning of the proposed recommendation, a petition was filed with the council requesting that the area be zoned as RM 4 in order that the land might be used as a site for the orphans' home.  The council gave favorable consideration to the petition and when the zoning ordinance for the city was finally adopted, the 32-acre parcel was zoned RM 4.  Under the ordinance, land in an area zoned RM 4 may be used for 9 different purposes, including construction of asylums and multiple dwellings.

The orphans' home was not built and in 1950 the land was sold to defendants Max Stollman, Phillip Stollman and Aaron Stollman who immediately began to plan its development as a multiple dwelling site.

Tel-Craft Civic Association, plaintiff and appellant, is a Michigan nonprofit corporation organized for the purpose of improving the community surrounding the intersection of Telegraph and Schoolcraft roads.  Its membership is composed of people who live in that area.  When the members learned of

the projected development of the 32-acre parcel as a multiple dwelling site, they contacted the defendants' attorney and protested further construction. They agreed, however, that no objection would be made to the completion of 5 multiple dwellings on Schoolcraft road then under construction. Defendants continued the development of the parcel, contracting for the installation of sewer and water service, preparing a plat of the property and obtaining municipal approval for the various steps required in the development.

When it became apparent that defendants intended to use the entire parcel for multiple dwelling sites despite plaintiffs' protests, a petition was filed with the city council asking that the 32-acre parcel be rezoned as an R 1 area. The petition was submitted to the city plan commission for its recommendation and, following study of the matter, it recommended to the council that the petition be denied. On September 18, 1951, the council acted upon the petition and rezoning was denied by a 5 to 4 vote.

Shortly thereafterwards, this suit was commenced alleging the facts as herein set forth and asking that an injunction issue restraining the defendants Stollman from constructing multiple dwellings on the land in question. The city of Detroit, the commissioner of buildings and safety engineering and the city plan commission were joined as defendants.

Plaintiffs' reasons for requesting the injunction were threefold: first, that the premises were originally zoned RM 4 in order that an orphans' home might be built on the property and that, therefore, the permitted use should be limited to the specific purpose for which it was zoned; second, that the defendants, in using the property in a manner different from that contemplated when the area was zoned, have wrongfully and fraudulently injured plaintiffs; and third, that to construct multiple dwellings on

the entire 32-acre parcel of land would be contrary to the zoning plan of the area and would, in effect, nullify the purposes of the zoning ordinance. Upon trial, the court held that plaintiffs were not entitled to relief and dismissed the bill of complaint. Plaintiffs appeal.

It should be noted at the outset that the plaintiffs do not question the reasonableness of the zoning ordinance nor do they say that it is confiscatory as applied to their property. Residents of the area testified in behalf of the plaintiffs and none of them said that the value of nearby property was lessened as a result of the construction of the multiple dwellings on defendants' property. Each stated, however, that he objected to the development. The secretary of the city plan commission was called under the statute for cross-examination by the plaintiffs.[*] His testimony that the zoning ordinance was reasonable as applied to defendants' property was undisputed. Plaintiffs are bound by that testimony. *Schaupeter* v. *Schaupeter,* 317 Mich 84.

The plaintiffs contend, nevertheless, that even though the zoning ordinance is reasonable it is not proper to permit the 32-acre parcel to be used in any of the several ways permitted in an RM 4 area because only 1 type of use was contemplated for the property when the city council adopted the ordinance in 1940. For plaintiffs to say that the council intended but 1 permitted use for the property is to read into the zoning ordinance a limitation which not only does not exist but which is contrary to the clear and unequivocal phraseology therein contained. In adopting the zoning ordinance, the council authorized 9 separate and distinct uses of property in an RM 4 area. Among those uses is the construction of multiple dwellings. At the same time, and in the

---

[*] See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

same ordinance, the council placed an RM 4 classification on defendants' property. That classification has remained unchanged for a period of more than 10 years. Had the city council, acting as a legislative body, believed that the 32-acre parcel should have been zoned in such manner that it could only be used as a site for asylums, it would have been an easy matter to have so worded the ordinance. They did not so limit the use of the property. Rather, in their discretion they placed a classification upon it which permitted its use not only as an asylum site but for other purposes as well, including its use as a site for multiple dwellings. Neither the first recommendation of the city plan commission that the property be zoned R 1 nor the original request for a zoning which would permit the construction of an asylum limited or controlled the considered action of the council. Unless it can be shown that the council acted arbitrarily or unreasonably, their determination is final and conclusive and no court may alter or modify the ordinance as adopted.

"While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another. (Citing cases.) The court erred in seeking to compel the defendant mayor and city commission members to amend the ordinance." *Northwood Properties Co.* v. *Royal Oak City Inspector,* 325 Mich 419, 423.

"The ultimate power is vested in the council, and its good faith in acting for the public welfare cannot be questioned by the judicial branch of government." *Gratton* v. *Conte,* 364 Pa 578 (73 A2d 381, 384).

Plaintiffs further contend that the defendants in constructing multiple dwellings upon the 32-acre parcel knew that they were not utilizing the property in the manner contemplated by the city council

in 1940 when the property was zoned and that they were therefore committing, in effect, a fraud upon the plaintiffs to their damage. We can find no basis in the record for such a claim. There is no showing that defendants knew of the petition to zone the property as RM 4. Their counsel testified that he did not inquire into the records to determine the motives for the council's decision, but plaintiffs say that defendants could have searched the records of the council's proceedings and should have known of the proceedings which influenced the council's action. There was nothing unusual about the ordinance or its application to this property and we are of the opinion that there was no duty upon the defendants to search beyond the provisions of the ordinance itself.

Plaintiffs also imply that defendants were guilty of fraud or impropriety in not disclosing all of their plans for the development of the 32-acre parcel in the first instance. They say they were lulled into a sense of security by such silence. It is sufficient to say that the trial judge found nothing in the record indicating that defendants made misrepresentations to the plaintiffs or withheld from them information which it was their duty to divulge. We are of the opinion that the court was justified in that finding. The record shows no fraud or impropriety on the part of the defendants.

"Fraud is not presumed, but must be affirmatively established by clear and convincing evidence." *Grimshaw* v. *Aske*, 332 Mich 146.

Finally, it is claimed by the plaintiffs that defendants should not be permitted to construct multiple dwellings because such construction would nullify the intended purpose of the ordinance. They emphasize that portion of the expressed intent and purpose of the ordinance which is to:

"lessen congestion, disorder and danger which often inhere in unregulated municipal development; * * * (and to) prevent overcrowding of land and undue concentration of population."

Examination of the exhibits discloses that the area in question is bounded on the north and east by a park. There are no restricted use dwellings within 1,500 feet of the parcel in either of those directions. On the south the property is bounded by Schoolcraft road. Frontage on Schoolcraft on the opposite side of the street is zoned for business purposes. On the west the property is adjacent to land in Redford township, Wayne county, which is likewise zoned for business purposes. The property is therefore isolated on all sides from single-residence areas.

The plat of the property as finally approved by municipal authorities and filed in the office of the register of deeds shows adequate highways with entrances on both Schoolcraft and Telegraph. Congestion of traffic on the highways appears improbable. Provision is made for off-street parking.

The secretary of the city plan commission, a person familiar with urban problems, stated as his opinion that the use of the property is reasonable and that there is need for multiple dwelling sites in the area.

Under such circumstances we do not believe that the zoning as applied to defendants' property is inconsistent with the general zoning plan for the city nor that it nullifies any of the purposes for which the ordinance was originally adopted.

The order of the circuit court dismissing the bill of complaint and denying the injunction is affirmed. Costs to the appellees.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.