INDUSTRIAL LAND COMPANY *v.* CITY OF BIRMINGHAM.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW OF RECORD.
   A suit to enjoin enforcement of a zoning ordinance, being a chancery case, is reviewed by the Supreme Court upon the record presented.

2. MUNICIPAL CORPORATIONS—ZONING CASES.
   Each zoning case must depend on its own facts and circumstances.

3. SAME—ZONING ORDINANCE—VALUE—VALIDITY.
   The zoning ordinance's effect upon values of property included thereunder is not a determining factor in testing the legality of the ordinance, but is a matter to be taken into consideration.

4. SAME—ZONING ORDINANCE MUST BE REASONABLE.
   A zoning ordinance must be reasonable, as reasonableness is the test of legality.

5. SAME—ZONING ORDINANCES—RESIDENCES—VALUE.
   Finding of trial court in suit to enjoin enforcement by city of residential zoning provision as to plaintiffs' 9-acre triangular tract of land adjoining railroad right-of-way and land zoned for multiple-dwelling, business and industrial purposes that to sustain the ordinance would, in effect, so depreciate it as to render it of little use to plaintiffs, unreasonable and confiscatory and that it bore no reasonable relation to the public health, safety, welfare and morals of the city *held,* sustained by record presented.

6. SAME—ZONING ORDINANCES—INJUCTION—BUSINESS USE.
   Use of 9-acre triangular tract adjoining railroad right-of-way and land zoned for multiple-dwelling, business and industrial purposes for purposes permitted in business district *held,* to advance the public health, safety, welfare and morals of defendant city, hence, plaintiff owners were entitled to injunction restraining defendants from interfering with plaintiffs' use for such purposes.

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 58 Am Jur, Zoning § 198.
[3] 58 Am Jur, Zoning § 140.
[4] 58 Am Jur, Zoning §§ 21, 22.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 11, 1956. (Docket No. 35, Calendar No. 46,534.) Decided October 1, 1956.

Bill by Industrial Land Company, a Michigan corporation, and others against the City of Birmingham, a municipal corporation, and certain of its officials to have zoning ordinance declared void as to their properties and to enjoin enforcement thereof. Various residential property owners intervened as parties defendant. Decree for plaintiffs. Defendants appeal. Affirmed.

*George A. Cram* and *Raymond D. Munde*, for plaintiffs.

*Glenn C. Gillespie*, for defendant City of Birmingham.

BOYLES, J. This is an appeal by the defendant city of Birmingham and certain intervening defendants from a decree entered in the circuit court for Oakland county in chancery permanently enjoining the defendants from enforcing a certain zoning ordinance of said city as to plaintiffs' property and from limiting the use of said property to single-family residence purposes. The decree further enjoins said defendants from enforcing said ordinance so as in any way to prohibit plaintiffs' use of said premises for those business uses permitted by section 1001 of said ordinance, which sets up various districts in said city. Section 1001 sets up a business A district.

Plaintiffs hold the record title or are otherwise interested as owners of residence property in the vicinity of the triangular piece of land here involved, approximately 9 acres in extent, the west boundary of which for about 1,300 feet is the Grand Trunk railroad right-of-way, which practically isolates this

land. The railroad grade is several feet higher than the land in question. Partly surrounding said land, in addition to the right-of-way, are developments of land for multiple-family use, some industrial plants, and a heavily-traveled highway.

Plaintiffs claim that the restricted use of their property to single-family dwellings bears no reasonable relation to public health, peace, safety, morals or general welfare; that the refusal of the municipal authorities to rezone plaintiffs' land for business purposes is unreasonable, confiscatory and void; and that it deprives plaintiffs of the use of their property.

After issue was joined much testimony was taken and heard by the court. This appeal being a hearing *de novo,* we have fully reviewed the record. As often said, no 2 zoning cases are alike and each must depend on its own facts and circumstances. Citation of authority to that effect is of value only to enunciate general rules.

We conclude that the record supports the findings and conclusions of the trial court, with which we agree, and from which we quote as follows:

"The triangle in question is zoned for single-family residences only.

"Various attempts were made by plaintiffs to have the city of Birmingham rezone this property so as to permit multiples or business, but all such attempts were made without success. Consequently this litigation. * * *

"A great many witnesses were sworn touching upon the various questions involved in the case. The first one to be discussed is that of a shopping center.

"All witnesses agreed that a shopping center was needed in the vicinity of the triangle, it being the claim of the plaintiffs that the triangle was the proper place for one, and the defendants claim that the proper place was one located a considerable distance north of it. However, all agreed that good planning

required a shopping center and all agreed that no such facility exists east of the Grand Trunk railway right-of-way.

"To permit the triangle to be used for business purposes, such as those permitted in the business A district under the ordinance, would not bring about any increase in the density of population in the area, which appeared to be defendants' principal concern. It is noted that neither plaintiffs nor defendants were particularly concerned with traffic conditions.

"The question of values was given considerable importance. The plaintiffs' testimony indicated that for single-residence purposes the property was worth $30,000 and for business purposes about $100,000. Plaintiffs' testimony was to the effect that for residence purposes the lots were worth $20 per front foot, for bungalows $40 per front foot, for terraces $60 per front foot, for multiples $100 per front foot and for business $125 per front foot.

"Of course, increase or decrease of values are not a determining factor in testing the legality of a zoning ordinance, but are matters to be taken into consideration. *Redford Moving & Storage Co.* v. *Detroit,* 336 Mich 702.

"It is the plaintiffs' claim that the property under discussion is not suitable for private residences because of the railroad, near location of industry, terraces and multiple dwellings by which the property is surrounded. On the other hand, defendants claim that the property is suitable for the purpose of single residences and to cover this disputed question employees and ex-employees of FHA were sworn and testified as witnesses for plaintiffs and defendants.

"As it developed there was a wide difference of opinion among the witnesses.  *  *  *

"On this question, about which there was much controversy at the trial, the court is of the opinion that the more reliable testimony was that by witnesses for the plaintiffs.  *  *  *

"The intervening defendants, and many of their neighborhood supporting witnesses living on both

sides of the railroad tracks, and some having children, were persistent in their claim that the railroad did not constitute a hazard and some of them even went so far as to claim it to be a benefit, further, that the noise and smoke from the train caused them no inconvenience whatsoever. However, most of them admitted that they wished the wooded triangle in question to remain in its present state because of its beauty in the spring, summer and fall seasons. I feel that this testimony was largely prompted by selfish interests, and therefore, not much weight can be given it. Aesthetic tastes must give way to progress, and in this respect, the city of Birmingham is no exception.

"A zoning ordinance must be reasonable, as reasonableness is the test of legality. Each zoning ordinance, as a rule, stands by itself, and its reasonableness in each case must be judged by the circumstances thereof. *Pere Marquette R. Co.* v. *Muskegon Township Board,* 298 Mich 31. * * *

"This court feels that to sustain ordinance 221, while not destroying plaintiffs' property, would, in effect, so depreciate it as to render it of little use to the plaintiffs, especially in view of its location and surroundings. * * *

"Defendants further claim that the court cannot, by injunctive relief, proceed to rezone plaintiffs' property, as that is a legislative act and a function of the city commission of Birmingham, and that by doing so, would be rezoning by judicial determination.

"The answer to that claim is found in *Long* v. *City of Highland Park,* 329 Mich 146. * * *

"The reasons claimed by the defendants in this case are the same in this respect as in the *Highland Park Case,* because of the ruling in that case as well as others of our Supreme Court in similar situations. I believe the reasons asserted in the instant case are without merit and that the court can grant the relief sought by plaintiffs.

"The railroad with a daily average of 28 trains on the west of the triangle, together with the Graefield Terrace development on the north, Eton road partly zoned for multiples on the east, Maple avenue zoned on the south side thereof for business A and industrial uses on the south forms a barrier and makes the disputed triangle undesirable for residential purposes.

"This conclusion was sustained by *Pere Marquette R. Co.* v. *Muskegon Township Board, supra.*   *   *   *

"I am satisfied that as to the property involved in this litigation that the application of ordinance No 221 so as to relegate it to residential uses is unreasonable and confiscatory, and that such application bears no reasonable relation to the public health, safety, welfare and morals of the city of Birmingham.

"I further believe that the use of this property for business purposes, as provided in section 1001 of ordinance No 221, as amended, is a reasonable use and that such use, under the evidence presented in this case, would advance the public health, safety, welfare and morals of the defendant city.   *   *   *

"It is my further opinion that plaintiffs are also entitled to an injunction restraining the original defendants from prohibiting plaintiffs' use of the premises for those uses permitted by section 1001 of the ordinance, and from interfering with such uses."

Affirmed. Costs to appellees.

Dethmers, C. J., and Sharpe, Smith, Kelly, Carr, and Black, JJ., concurred.

Edwards, J., took no part in the decision of this case.