LACEY *v.* CITY OF WARREN.

1. JUDGMENT—COURT RULES—FINDINGS OF FACT.

Defendant's claim that the findings of fact, made by the trial court, failed to meet the requirements of applicable court rules and were insufficient to support the judgment of the trial court *held,* without merit, where the record discloses that the trial court's findings consume 10 pages, were supported by the record, and were sufficiently comprehensive to indicate the factual basis for the court's ultimate conclusion (GCR 1963, 517.1).

2. APPEAL AND ERROR—EVIDENCE—FINDINGS OF FACT.

Defendant's claim that there was no evidence to support the findings of fact made by the trial court *held,* without merit, where a close perusal of the record establishes that there were facts presented that support the conclusion of the trial court.

3. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—PRESUMPTION OF VALIDITY—EVIDENCE.

Defendant's claim that no evidence was presented to overcome the presumption of the validity of a city ordinance *held,* without merit, where the record discloses that the trial court recognized such presumption, but held it had been rebutted by the evidence, and there is sufficient evidence in the record to support such conclusion (City of Warren Zoning Ordinance No 30).

4. SAME—ZONING ORDINANCE—SCOPE OF INJUNCTION—DISCRETION OF COURT.

Defendant's claim that the trial court exceeded its authority in enjoining defendant city from future interference with the use of plaintiffs' property as a mobile trailer park *held,*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 1131 *et seq.*
[3] 58 Am Jur, Zoning § 16 *et seq.,* § 63.
[4] 58 Am Jur, Zoning § 247.
Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels.  22 ALR2d 774.

without merit, and not an abuse of discretion, where such injunction was also conditioned upon plaintiffs' compliance with applicable laws relating to such mobile trailer parks.

Appeal from Macomb; McIntyre (Robert W.), J. Submitted Division 2 February 8, 1967, at Lansing. (Docket No. 1,878.) Decided June 13, 1967. Leave to appeal denied August 29, 1967. See 379 Mich 776.

Complaint by William E. Lacey, Valory F. Lacey, Franklyn E. McDonald and Lucille Mae McDonald against the City of Warren, a Michigan municipal corporation, seeking a determination that the residential classification of defendant's zoning ordinance was unconstitutional and void, as applied to plaintiffs' property, together with an order allowing use of said property as a mobile trailer park. Judgment for plaintiffs. Motion for new trial denied. Defendant appeals. Affirmed.

*Sanborn & Liedel (Kenneth N. Sanborn,* of counsel), for plaintiffs.

*Emil E. Cardamone,* City Attorney, and *Robert F. Cella,* Assistant City Attorney, for defendant.

FITZGERALD, J. Plaintiffs brought this action seeking to have Warren's 1960 Zoning Ordinance No 30, classifying their vacant lots* R-1-C (one family residential district) decreed unconstitutional as applied. They also sought to enjoin the appellant from interfering with their use of the land for a mobile home district. The trial court granted such a decree and appeal was claimed.

Defendant contends that the trial court's findings of fact were not sufficient to support the judgment. GCR 1963, 517.1, states:

---

* Lot # 60 and 61 except Eastern 125 feet of Supervisor's Plat #7, City of Warren, Macomb County, Michigan.

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts."

The city cites *Kelley* v. *Everglades Drainage District* (1943), 319 US 415, 422 (63 S Ct 1141, 1145, 87 L ed 1485, 1489), for interpretation of the court rule, *supra,* which requires, "findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion." The findings of fact of the trial court, which consumed 10 pages, are sufficiently comprehensive to satisfy this requirement and are supported by the record.

Appellant also contends the findings of the trial judge were not within the evidence proffered at trial. However, after a close perusal of the record presented, this Court is convinced there were facts presented that supported the conclusion of the trial court.

Appellant further contends the plaintiffs did not present evidence to overcome the presumption of validity of a city ordinance. The trial court recognized the presumption, but held that plaintiffs rebutted it. Again there is evidence presented in the record to support this conclusion.

Appellant's strongest objection relates to the scope of the injunction issued. The relevant portion of the injunction is as follows:

"It is further ordered that the plaintiffs or their grantees, successors and assigns, may, under the valid provisions of said zoning ordinance no 30, and its amendments, in effect at the time of entry

of this judgment not in conflict with State statutes, make use of the land as hereinbefore described for mobile home and trailer park purposes as may meet the requirements of the valid provisions of said zoning ordinance no 30, and its amendments, not in conflict with State statutes, in effect as aforesaid.

"It is further ordered that the defendant city of Warren, its officials, employees, representatives, agents and attorneys be and they are hereby enjoined and restrained from enforcing said zoning ordinance no 30, and its amendments, or the provisions or penalties thereof against the plaintiffs or their grantees, successors and assigns and are enjoined and restrained from interfering with the plaintiffs or their grantees, successors and assigns making use of the land as hereinbefore described for mobile home and trailer park purposes as may meet the requirements of the valid provisions of said zoning ordinance no 30, and its amendments, not in conflict with State statutes, in effect as aforesaid, subject only to plaintiffs or their grantees, successors and assigns complying with valid ordinances, rules and regulations generally applicable to the plaintiffs' aforesaid land in effect at the time of entry of this hearing on judgment, and judgment."

Appellant argues the court does not have the authority to enjoin the zoning board's future acts and cites *Randall* v. *Meridian Township Board* (1955), 342 Mich 605. This case, however, dealt with an original suit to enjoin adoption of an amendment to a zoning ordinance.

The other side of the coin, and one which we feel supports the trial court's action, is stated in *Dequindre Development Co.* v. *Charter Township of Warren* (1960), 359 Mich 634, in which an injunction much like the instant one was upheld in a split decision of the Supreme Court. While the

net effect of the case was only to affirm the decision of the lower court, the close factual relationship and the reasoning therein appeal to us.

Referring to *Dequindre,* the trial court said:

"In *Dequindre,* the Court was again concerned with the efforts of Warren area to prohibit trailer parks, which are specifically authorized and governed by the statutes of this State, by the simple method of declining to zone areas for that purpose, when obviously areas are suitable for no other purpose. Beginning at page 637, Justice BLACK quotes from the opinion of Judge Robinson at length, and there is no point in the repeating that extensive quote here. Suffice to say, that under the factual testimony in this case, and bearing in mind the duty of the plaintiff to proceed by a preponderance of the evidence, the situation as it existed in the *Dequindre Case,* is almost identical with the situation which this court has found exists in the case now up for consideration. Moreover, upon a visual examination of the premises under consideration in the present case, and those concerned in the *Dequindre Case,* which properties are only a few blocks apart, the court finds that the land now under consideration exists in a much more rundown area than the area which Justice BLACK condemned in *Dequindre Development Company* v. *Warren* (1960), 359 Mich 634."

Application of the *Dequindre* case appears to have been particularly relevant here on the basis of the record before us and the resulting injunction is not so sweeping as to be an abuse of judicial power.

Judgment affirmed. Costs to appellees.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.