DARABAN *v.* TOWNSHIP OF REDFORD

1.. ZONING—MULTIPLE DWELLING UNITS—ADMISSIONS OF DEFENDANT —NATURE OF SURROUNDING AREA.

Trial court's determination that defendant township's zoning of plaintiff's property as single-family residential was an unreasonable exercise of the municipality's police power and was therefore void *held,* proper where the property fronted on a thoroughfare that carried 17,000 cars per day; where the property for 1/2 mile on either side of plaintiff's represented a mixture of single-family residences, multiple-family residences, professional buildings, and commercial establishments; and where defendant's answer admitted that single-family residences were not a proper use for the property but argued that the property should be used for professional buildings instead of multiple-family units as plaintiff wished.

2. SAME—INVALID PROVISIONS IN ORDINANCE—EQUITY—INJUNCTIVE RELIEF—FUTURE ACTION BY ZONING AUTHORITIES.

Courts generally will not issue injunctive orders restraining future action by municipal zoning authorities with respect to rezoning after judicial determination of unconstitutionality of a particular provision as applied to a specific parcel of land.

3. SAME—INVALID PROVISION IN ORDINANCE—EQUITY—INJUNCTIVE RELIEF—DISCRETION.

Trial court's granting of an injunction preventing defendant township from interfering with plaintiff's construction of multiple-unit dwellings on his property after a determination that defendant's zoning of plaintiff's property as single-family residential was invalid *held,* not an abuse of discretion when the proposed buildings conformed to all applicable ordinances

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 58.
[2, 3] 58 Am Jur, Zoning § 188 *et seq.*

and when defendant admitted that its original zoning of the land was improper.

Appeal from Wayne, Kennedy (Cornelia G.), J. (Submitted Division 1 April 9, 1968, at Detroit. (Docket No. 3,956.)   Decided December 23, 1968. Leave to appeal granted March 25, 1969.   See 381 Mich 811.

Complaint by George Daraban against Township of Redford, a Michigan municipal corporation, and Aldrick Bellaire, supervisor, to enjoin enforcement of certain provisions of defendant's zoning ordinance as invalid.   Judgment for plaintiff and injunction granted.   Defendants appeal.   Affirmed.

*Moll, Desenberg, Purdy, Glover & Bayer* (*Richard A. Kitch,* of counsel), for plaintiff.

*Joseph B. Pfister,* for defendants.

PRATT, J.   This is a zoning case in which the plaintiff landowner seeks to have declared invalid zoning ordinance provisions of Redford township as they apply to his land.   From a judgment in favor of the plaintiff, the township appeals.

The plaintiff is the owner of six lots on the north side of Joy road a block from the intersection of Inkster road.   All of the lots front on Joy road and each is roughly 60 feet wide and 120 feet deep. Four of the lots comprise the entire Joy road frontage between Mercedes and San Jose.   The remaining two lots are located immediately east of San Jose.   At the time this action was instituted these lots were included under a single-residence zoning classification.   During the course of litigation, the two lots immediately east of San Jose were rezoned by the defendant township

to a professional service classification, but the parties stipulated that the cause be tried on the basis of a single-residence classification as to all lots.

Joy road is a major thoroughfare which divides Redford township on the north from the city of Dearborn Heights on the south. The intersection of Joy and Inkster roads contains the usual commercial enterprises found in such circumstances, *viz.*: gas stations, drive-in restaurants and other varied commercial uses. Proceeding a half mile east or west from that intersection, the development is mixed and ranges from single-residence dwellings through multiple-family dwellings, a myriad of commercial uses, dental and medical clinics and church and hospital uses. A 1965 traffic count showed 16,908 vehicles used Joy road in a 24-hour period in the area in question.

Directly across Joy road from plaintiff's land is a single-family residential development and to the north of his land is a similar use. To the west of plaintiff, along Joy road leading to Inkster road the entire frontage is commercial, including a supermarket that is set back over 200 feet from Joy road with its parking area at its front. The block to the southwest of plaintiff's land includes a clinic, a large multiple dwelling and a drive-in restaurant. To the east of plaintiff's land there is some single residence development not fronting on Joy road and a large multiple-family development which was the subject of a prior zoning case wherein the single family residential classification was found invalid.

At this point, the situation would appear to revolve around a typical zoning case. However, the pleadings and record present certain issues which take the case out of the ordinary.

The plaintiff alleged in his complaint that the property in question was unsuitable for single family

dwellings and had slight, if any, value under that classification. The defendant township's answer *admitted* those allegations and, "in further answer" asserted that the "best use  *  *  *  is an office-type use." Plaintiff also alleged in his complaint that his land would remain vacant unless the zoning classification were changed, and this also was admitted in defendant township's answer. In yet another paragraph of the complaint, it was alleged that the zoning classification of single family residential was "unreasonable, arbitrary, illegal, unconstitutional and void  *  *  *  ." In response to the allegations of that paragraph, the defendant township admitted the single family residential classification "should be changed", reasserted that an office-type use would be the best use and averred that the multiple use requested by plaintiff was improper.

An amended complaint was later filed by plaintiff primarily to reflect the circumstances of the aforementioned *pendente lite* rezoning by the township of two of the lots. Nothing in the township's answer to the amended complaint indicates the withdrawal of the township's earlier pleaded position that plaintiff's property was unsuited for single family residential development, and that its single family residential classification should be changed.

Against this pleaded background plaintiff's expert, a city planner, testified that single family residential use was not a reasonable or suitable use of the plaintiff's land. Defendant township's planning expert testified that the two easternmost lots were unsuitable for single family residential use but that the other four lots were suitable for such residential use, *provided* that they were combined and reoriented so that they fronted on the side streets rather than on Joy road.

The trial judge, taking the foregoing facts into consideration, along with other pertinent evidence not necessary to recite here, determined that the single family residential zoning classification was invalid. Integral to that determination was the holding that the township's pleadings constituted an admission against interest under the authority of *Monaghan* v. *Pavsner* (1956), 347 Mich 511. With that holding and the determination of the trial judge we find no error and conclude, as did the trial judge, that the single family residential zoning classification as applied to plaintiff's property is an unreasonable exercise of the municipality's police power.

The other issue presented by the defendant township relates to the authority of the trial court to enjoin township interference with the construction of multiple family residences on the property of plaintiff.

The judgment appealed from provides that the township of Redford be permanently enjoined from interfering with plaintiff's erection of apartment buildings in accordance with the plan submitted by plaintiff and in accordance with the township's codes and ordinances under a multiple family zoning classification. It was conceded by defendant township that plaintiff's proposed construction as evidenced by that plan conformed to the pertinent building and zoning requirements if multiple family use were permitted. The defendant township does not here argue that no factual basis for the court's injunction exists but rather contends that the injunction constitutes judicial invasion of legislative power.

Generally, the courts will not issue injunctive orders restraining future action by municipal zoning authorities with respect to rezoning after judicial determination of unconstitutionality of a particular

provision as applied to a specific parcel of land. *Christine Building Company* v. *City of Troy* (1962), 367 Mich 508 (where "under the present record" the refusal of the trial court to set minimum lot sizes was affirmed); *Roll* v. *City of Troy* (1963), 370 Mich 94.

A review of the cases indicates, however, that such injunctions have been permitted in certain circumstances. *Industrial Land Company* v. *Birmingham* (1956), 346 Mich 667; *Long* v. *City of Highland Park* (1950), 329 Mich 146; *Redford Moving & Storage Company* v. *City of Detroit* (1953), 336 Mich 702; *Dequindre Development Company* v. *Charter Township of Warren* (1960), 359 Mich 634; *Lacy* v. *City of Warren* (1967), 7 Mich App 105.

The case at bar was tried to a great extent on the issue of professional service use as against multiple family use. The defendant township, as was pointed out above, admitted in its original answer that single family residential zoning was improper as it applied to plaintiff's land and asserted affirmatively that professional service was the proper and reasonable use. Further, the defendant township conceded that plaintiff's construction plan conformed to pertinent codes and ordinances. Considering these circumstances and the testimony of expert witnesses on both sides we consider that the case at bar falls within the principle of the cases cited above which affirmed the use of the injunctive process. We find no abuse of the trial court's discretion and authority.

The judgment is affirmed. Costs to appellee.

HOLBROOK, P. J., and LEVIN, J., concurred.