### DARABAN *v.* TOWNSHIP OF REDFORD.

OPINION OF THE COURT.

1. ZONING—EQUITY—INVALID ORDINANCE.

Owner of platted lots is entitled to equitable relief to have a township zoning ordinance classifying those lots as single family residence declared invalid where the township concedes that such a restrictive classification cannot validly be applied to them, as the owner is entitled to use such property as he pleases subject only to other presumptive valid provisions of such ordinance and such other laws and ordinances as may regulate its use.

2. ZONING—INJUNCTION—CONSTITUTIONAL LAW.

An amendatory zoning ordinance not having been adopted and the defendant township not having requested time to enact such an amendment and for leave to augment the record so as to make an amendment a part of the record, there is nothing wrong, constitutionally or otherwise, with the trial court's judgment enjoining the township from interfering, under a zoning ordinance admittedly invalid as to plaintiff's property, with erecting apartment buildings on the property.

3. ZONING—CONSTITUTIONAL LAW.

Courts will not generally enjoin future action by municipal zoning authorities with respect to rezoning after judicial determination of unconstitutionality of a particular provision as applied to specific land; however, such injunctions have been permitted in certain circumstances.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 238.
[2, 9] 58 Am Jur, Zoning § 188 *et seq.*
[3] 58 Am Jur, Zoning § 240.
[4–6] 58 Am Jur, Zoning § 229 *et seq.*
[7] 58 Am Jur, Zoning § 232.
[8] 58 Am Jur, Zoning § 234.

DISSENTING OPINION.

T. E. BRENNAN, C. J., and T. G. KAVANAGH, J.

4. ZONING—COURTS—CITY DEVELOPMENT.

The Supreme Court will not sit as a super-zoning board nor second-guess that branch of government vested with the duty and power to control the use of land in the development of our cities.

5. ZONING—COURTS—APPEAL AND ERROR—BURDEN OF PROOF.

The court's role in zoning is not to control the direction of zoning or to determine what is the best use of land but to prevent the abuse of the zoning powers; therefore, a landowner has the burden to show that, as zoned, his land is virtually useless, it not being enough to show that there is a better use.

6. ZONING—COURTS—APPEAL AND ERROR—STIPULATION—POWER OF COURT.

Parties cannot stipulate that the court could determine the best use of land and order it so zoned; a court would be powerless to do so.

7. ZONING—CONSTITUTIONAL LAW—COURTS—POWER OF COURT.

Zoning is a legislative function that cannot constitutionally be performed by a court, either directly or indirectly, in law or in equity; therefore, the Court cannot order that a specific zoning ordinance be passed nor forbid passage of any zoning ordinance which precludes any use which the landowner seeks to make of his property.

8. ZONING—COURTS—POWER OF COURT—INJUNCTION.

An order of a trial court which, in effect, zoned land to what the court considered to be its most desirable use was invalid as an improper exercise of judicial power and the affirmative injunction issued by the trial court should be vacated.

9. ZONING—COURTS—INJUNCTION—PRECEDENTS.

Cases apparently standing as authority for issuance of injunctions restraining municipalities from zoning property in a manner different from that sought by the landowners should be overruled.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and Levin and Pratt, JJ., affirming Wayne, Cornelia G. Kennedy, J. Submitted De-

cember 3, 1969. (Calendar No. 31, Docket No. 52,337.) Decided May 4, 1970.

15 Mich App 132, affirmed.

Complaint by George Daraban against Township of Redford, a Michigan municipal corporation, and Aldrick Bellaire, supervisor, to enjoin enforcement of certain provisions of defendant's zoning ordinance as invalid. Judgment for plaintiff and injunction granted. Defendants appealed to Court of Appeals. Affirmed. Defendants appeal. Court of Appeals affirmed.

*Kitch, Suhrheinrich & Bess,* for plaintiff.

*Kasoff, Young, Gottesman & Kovinsky,* for defendants.

BLACK, J. This is a suit in equity; not an action for mandamus (as in *Brae Burn, Inc.,* v. *City of Bloomfield Hills* [1957], 350 Mich 425). Its purpose is that of having declared invalid the application to plaintiff's platted lots of a township zoning ordinance classifying those lots as R–1 (single family residence). The defendants concede that such a restrictive classification cannot validly be applied to the lots. This means that the plaintiff was and now is entitled to the relief sought by him. Such relief is the adjudged right to use his property as he pleases subject only to other presumptively valid provisions of the same ordinance and, of course, such other laws and ordinances as may regulate its use.

It is said however that the circuit court's judgment, and the affirming judgment of the Court of Appeals (15 Mich App 132), go too far in that they

constitute a "judicial invasion of legislative power."
The point made is that the judgment of the circuit
court *affirmatively* authorizes R–3 distinguished
from R–1 construction on plaintiff's lots without,
as we gather, permitting the township time to amend
its ordinance so as to zone in some intermediately
restrictive way the area which includes the afore-
said lots.

An ample answer is that no amendatory ordinance
has been adopted. Nor has the defendant township
requested time for enactment of such an amendment
and for invocation of leave to augment the record
under GCR 1963, 865.1(5), so as to make such an
enacted amendment a part of the record. In these
circumstances we perceive nothing wrong, consti-
tutionally or otherwise, with the criticized portion
of the circuit court's judgment. It reads:

"It is further ordered and adjudged that the de-
fendants, township of Redford, a municipal cor-
poration, and Aldrick Bellaire, supervisor of the
township of Redford, be and each of them is further
permanently enjoined from interfering with plain-
tiff's erection of apartment dwellings on the prop-
erty in question in accordance with plaintiff's
exhibit number 4, referred to in the court's opinion
on page 9, and in accordance with the R–3 zoning
classification of the township of Redford."

We agree, then, with the conclusion reached by
Division 1 (15 Mich App 132, 136, 137):

"Generally, the courts will not issue injunctive
orders restraining future action by municipal zon-
ing authorities with respect to rezoning after judi-
cial determination of unconstitutionality of a par-
ticular provision as applied to a specific parcel of
land. *Christine Building Company* v. *City of Troy*
(1962), 367 Mich 508 (where 'under the present
record' the refusal of the trial court to set minimum

lot sizes was affirmed); *Roll* v. *City of Troy* (1963), 370 Mich 94.

"A review of the cases indicates, however, that such injunctions have been permitted in certain circumstances. *Industrial Land Company* v. *Birmingham* (1956), 346 Mich 667; *Long* v. *City of Highland Park* (1950), 329 Mich 146; *Redford Moving & Storage Company* v. *City of Detroit* (1953), 336 Mich 702; *Dequindre Development Company* v. *Charter Township of Warren* (1960), 359 Mich 634; *Lacy* v. *City of Warren* (1967), 7 Mich App 105."

Affirmed.    Costs of all courts to plaintiff-appellee.


DETHMERS, KELLY, T. M. KAVANAGH, and ADAMS, JJ., concurred with BLACK, J.


T. G. KAVANAGH, J. (*dissenting*).    Plaintiff-landowner, George Daraban, asserted that the defendant Redford Township's ordinance unconstitutionally zoned his land for single-family residence and asked that the defendants be permanently enjoined from interfering with the construction of apartment houses on his land.    The trial court granted the requested relief and the Court of Appeals affirmed.

This appeal asserts that the issuance of the injunction against interfering with the construction of apartment houses on plaintiff's land is judicial zoning and hence improper.

In the decade just past, this Court repeatedly said that we will not sit as a super-zoning board[1] nor second-guess that branch of the government vested with the duty and power to control the use of land in the development of our cities.

Our cities today are strangling on their own growth.    Pollution, crime, ghettoes, traffic and a

---

[1] *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425, 430, 431.

maze of overwhelming problems plague our beleaguered municipalities.

Zoning is an integral part of any controls which hope to prevent the catastrophic consequences of undirected growth.[2]

The role of the Court is not to control the direction of zoning. It is not to determine what is the best use of the land. Our role is to prevent the abuse of the zoning power[3]—as when the ordinance in question so restricts the use of land that it amounts to confiscation by the local government.[4] This places the burden squarely on the landowner to show that, as zoned, his land is virtually useless. It is not enough to show that there is a "better use."[5]

In this case the complaint alleged that plaintiff's property was useless for R–1 (single residence) zoning and further alleged that the "best use" of the land would be for multiple dwellings.

In its answer the defendant-township admitted that the land was improperly zoned and "in further answer" asserted that the "best use  *  *  *  was as office-type use," Professional Service (P–S

---

[2] Justice ADAMS said in *Padover* v. *Township of Farmington* (1965) 374 Mich 622, 639: "Unless the pattern is set and followed, proper growth can never materialize. The alternative is to pay the price in crime, juvenile delinquency, inadequate sewers, inadequate roads, inadequate schools, inadequate parks, and, worst of all, inadequate human beings—a pattern that has been all too clearly evident upon the American scene. A city, village, or township, is entitled to work out a better destiny for itself under such clear statutory authority."

[3] "Unless it can be shown the council acted arbitrarily or unreasonably, their determination is final and conclusive and no court may alter or modify the ordinance adopted." *Tel-Craft Civic Association* v. *City of Detroit* (1953), 337 Mich 326.

[4] "A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal." *Long* v. *City of Highland Park* (1950), 329 Mich 146, 152.

[5] *Brae Burn, Inc., supra,* at p 438: "*  *  *  unless, as noted, we have patently a capricious and irrational invasion of property, the merits undebatable by reasonable men, the action indefensible to any save those whose minds have been made incandescent by partisan zeal or pursuit of gain."

zoning). The plaintiff urges that by its action in submitting this issue to the court for determination, the defendant "has waived the right to contend that the trial court acted upon an issue not before it, or beyond its legal authority."

We do not agree.

Even if the parties had agreed and expressly stipulated that the court could determine the best use of the land and order it so zoned, the court would be powerless to do so.

Zoning is a legislative function that cannot constitutionally be performed by a court,[6] either directly or indirectly[7]—in law or in equity.

We cannot order that a specific zoning ordinance be passed nor can we forbid the passage of any zoning ordinance which precludes any but the use which plaintiff seeks to make of his property.

Justice OTIS M. SMITH, with whom Justices DETHMERS, KELLY, BLACK, T. M. KAVANAGH and Chief Justice CARR agreed, said in *Roll* v. *City of Troy* (1963), 370 Mich 94, at 99:

---

[6] "While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another." *Northwood Properties Company* v. *Royal Oak City Inspector* (1949), 325 Mich 419, 423. See also Justice COOLEY in *People, ex rel. Sutherland,* v. *Governor* (1874), 29 Mich 320 and *Township of Dearborn* v. *Dearborn Township Clerk* (1952), 334 Mich 673.

[7] In a similar situation we held in *Christine Building Company* v. *City of Troy* (1962), 367 Mich 508, 519: "We agree with the trial court that he has no legal duty, right, or obligation to undertake to pass, under the present record, on the reasonableness of the purpose of zoning the plaintiffs' property with reference to the 8,500-square-foot classification. It will be time enough for the court to review this matter if and when the municipal legislative body has rezoned plaintiffs' property." We also said in *Randall* v. *Meridian Township Board* (1955), 342 Mich 605, 608: "Plaintiffs have an interest which would entitle them to maintain an action to challenge the validity of the amendment once it is adopted or to seek to enjoin violation of provisions of the zoning ordinance in effect prior to the amendment, and the courts have jurisdiction to entertain such actions; but they have none to enjoin the legislative action of adopting it. See also *State, ex rel. Rose,* v. *Superior Court of Milwaukee County* (1900), 105 Wis 651 (81 NW 1046, 48 LRA 819)."

"Recognizing that zoning is a legislative function we affirm the principle that courts cannot write zoning laws. The trial court's decree is modified by striking therefrom that portion authorizing and empowering plaintiffs to use the property as proposed in the plat."

In this same case at p 102, Justice SOURIS indicated his agreement with this position saying: "I would reverse this decree and call a halt to invocation to this Court's power to 'sit as a super-zoning commission.'"

A careful reading of the opinion of the Justices in *Bowman* v. *City of Southfield* (1966), 377 Mich 237 discloses agreement on this principle. In *Bowman*, a restriction limiting plaintiff's property to residential use was held invalid by the trial court who, in his opinion, made certain findings that the highest and most desirable use of the subject premises was for a neighborhood shopping center. The lower court was affirmed by an equally divided Court in the following manner: Justices DETHMERS, SOURIS, OTIS M. SMITH and ADAMS voted for reversal on the basis that the trial judge's consideration of most desirable use constituted judicial zoning and that the court was usurping a legislative function. Mr. Justice ADAMS concurred in reversal, stating:

"The court could declare the existing zoning unconstitutional but it could not replace this void made in the city's zoning with what it thought desirable." (Citing cases.)   377 Mich at 249.

In support of their vote for affirmance of the trial judge Justices KELLY and O'HARA found that the trial court was exercising its traditional equitable function in merely declaring the ordinance void. They stated that the consideration of desirability of the land for use as a shopping center was only

mentioned by the trial court as going to the reasonableness of the ordinance and was not an attempt to fill the void with what it considered to be a desirable ordinance. The opinion for affirmance states:

"Likewise, the judgment in no way referred to supermarkets, but was confined to the finding that the ordinance was 'unreasonable and unconstitutional insofar as the said ordinances restrict the use of the land of the plaintiff to residential purposes' and further provided that defendant was enjoined from enforcing the ordinance 'insofar as the said ordinances restrict the use of the land of the plaintiff to *residential* purposes.'" 377 Mich at p 253. (Emphasis supplied.)

The distinction between the decree in the *Bowman* case and that issued in this present case should be manifest. The trial judge in this present case did what at least six justices in *Bowman* agreed it may not do—rezone property on what it considers to be its most desirable use.

Here we hold that the following provision of the trial court's order:

"It is further ordered and adjudged that the defendants, township of Redford, a municipal corporation, and Aldrick Bellaire, Supervisor of the township of Redford, be and each of them is further *permanently enjoined from interfering with plaintiff's erection of apartment dwellings* on the property in question in accordance with plaintiff's exhibit number 4, referred to in the court's opinion on page 9, and in accordance with the R–3 zoning classification of the township of Redford." (Emphasis supplied.)

is invalid. Such an order in effect zoned the land R–3 and as such is an improper exercise of judicial power.

The cases of *Long* v. *City of Highland Park* (1950), 329 Mich 146; *Redford Moving & Storage Company* v. *City of Detroit* (1953), 336 Mich 702; *Industrial Land Company* v. *City of Birmingham* (1956), 346 Mich 667; *Dequindre Development Co.* v. *Charter Township of Warren* (1960), 359 Mich 634 have apparently come to stand as authority for the issuance of injunctions which can restrain municipalities from zoning the property involved in a manner different from that sought by the plaintiff. For the reasons set forth herein those cases should be overruled as authority which would permit issuance of such injunctions.

Whether Judge Kennedy's action in specifically rezoning present plaintiff's property to allow multiple dwellings was good zoning practice is not in question. We are satisfied that such decree cannot emanate from a judicial tribunal in this state. Under the separation of powers doctrine as contained in our Constitution and as that great doctrine has been applied in the zoning field, the affirmative injunctive decree issued by the trial judge should be vacated and held for naught. In other respects the lower court's opinion should be affirmed.

T. E. Brennan, C. J., concurred with T. G. Kavanagh, J.