## TELEGRAPH-LONE PINE VENTURE CO v TOWNSHIP OF BLOOMFIELD

Docket No. 31378. Submitted February 9, 1978, at Lansing.—Decided September 19, 1978. Leave to appeal applied for.

Telegraph-Lone Pine Venture Co. brought an action against Bloomfield Township, its zoning board and township officers, seeking a determination that a certain zoning ordinance is arbitrary, unreasonable, discriminatory, and confiscatory, and therefore, unconstitutional and requesting injunctive relief allowing an office building to be constructed on plaintiff's property. Oakland Circuit Court, Arthur E. Moore, J., issued an order enjoining defendants from enforcing its zoning ordinance with respect to the plaintiff's property. Defendants appeal and question the trial court's findings of fact concerning the cost of residential construction on the property, the sufficiency of the evidence to prove the residential zoning restriction unreasonable and whether the court erred in issuing injunctive relief. *Held:*

1. There was substantial and persuasive testimony that plaintiff's property is not marketable at any price for residential use.

2. Whatever errors existed in the court's findings concerning construction costs were unnecessary to the legal ruling that the property had little or no residential value.

3. A zoning ordinance restriction to residential use only should not be enforced where there is no market whatever for residential housing on a piece of property.

4. An injunction is a proper procedure to prevent a township and its officers from enforcing a zoning ordinance.

Affirmed.

D. E. HOLBROOK, JR., dissented. He would remand to the trial

<hr>

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2, 3] 82 Am Jur 2d, Zoning and Planning §§ 27, 36.
[3] 82 Am Jur 2d, Zoning and Planning § 35.
[4] 82 Am Jur 2d, Zoning and Planning § 327.
[5] 5 Am Jur 2d, Appeal and Error § 729.
 82 Am Jur 2d, Zoning and Planning § 358.

court because of a change in the applicable rules for challenging the constitutionality of a zoning ordinance and the uncertainty as to what the trial judge would have decided under the proper standards.

### OPINION OF THE COURT

1. APPEAL AND ERROR—FINDINGS OF FACT—COURT RULES.

    The purpose for findings of fact by the trial court as required by court rule is to facilitate appellate review by revealing the law applied by the trial court in reaching its decision (GCR 1963, 517.1).

2. ZONING—ORDINANCES—REASONABLENESS—BURDEN OF PROOF.

    An aggrieved property owner must affirmatively demonstrate that enforcement of a zoning ordinance will preclude the property's use for any purposes to which it is reasonably adapted in order to sustain an attack on the zoning ordinance.

3. ZONING—ORDINANCES—UNREASONABLE RESTRICTIONS.

    A zoning ordinance restriction to residential use only should not be held valid where the property owner presents substantial and persuasive evidence that there is no market whatever for residential housing with respect to his property.

4. ZONING—ORDINANCES—EQUITY—INJUNCTIONS—COURTS.

    An injunction is a proper procedure to prevent a township and its officers from enforcing a zoning ordinance which is invalid with respect to a property owner.

### DISSENT BY D. E. HOLBROOK, JR., J.

5. ZONING—ORDINANCES—CHANGE OF PRECEDENT—CONSTITUTIONAL LAW—REMAND—APPEAL AND ERROR.

    *A zoning case should be remanded to the trial court for further review where there has been a change in the applicable rules for challenging the constitutionality of a zoning ordinance and it is not certain what the trial judge would have decided under the proper new standards.*

*Stanley E. Burke,* for plaintiff.

*Dillon & Lang,* for defendant.

Before: N. J. KAUFMAN, P. J., and D. E. HOLBROOK, JR. and D. F. WALSH, JJ.

D. F. WALSH, J. Defendants appeal from the circuit court's order enjoining defendants from enforcing the township's zoning ordinance so as to prevent the construction of an office building on plaintiff's property.

The subject property consists of a tract of vacant land containing 1.2875 acres of net usable area located at the northeast corner of Telegraph and Lone Pine Roads in Bloomfield Township. The parcel has approximately 313 feet of frontage along Telegraph Road and about 182 feet along Lone Pine Road. The depth measured in an east-west direction from Telegraph Road varies from 99.7 feet at the north property line to approximately 220 feet at its maximum depth near the southern property line. The property is zoned R-3 for residential use only.

Telegraph Road is a four-lane divided highway and is the subject of a proposed widening project which would expand it to eight lanes. Plaintiff's property lies near the midpoint of that project.

After unsuccessfully seeking a hearing before the zoning board of appeals plaintiff commenced the instant action requesting relief from the residential zoning restriction so that an office building might be constructed on the property. After a hearing the trial court granted that relief.

Defendants appeal, raising three issues:

(1) Were the trial court's findings of fact concerning the cost of residential construction on the property clearly erroneous?

(2) Did plaintiff meet its burden of proving the unreasonableness of the residential zoning restriction?

(3) Did the trial court err in issuing injunctive relief?

Defendants' first contention is that the cost esti-

mates upon which the trial court relied in its decision were unsupported by the record.

The purpose of the findings required by GCR 1963, 517.1 is to facilitate appellate review by revealing the law applied by the trial court in reaching its decision. *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973), *People v Jackson,* 81 Mich App 18; 264 NW2d 101 (1978). Consequently, those findings are significant only insofar as they affect the outcome of the case.

Our *de novo* review of the record reveals that there was substantial and persuasive testimony that plaintiff's property is not marketable *at any price* for residential use. In view of that evidence, whatever errors exist in the findings concerning construction costs were unnecessary to the trial court's legal ruling that the property had "little or no value" for residential use. For that reason, further discussion of this issue would serve no purpose.[1]

Defendants next challenge the sufficiency of plaintiff's evidence to rebut the presumption of the ordinance's validity.

In order to sustain an attack on a zoning ordinance, an aggrieved property owner must affirmatively demonstrate that enforcement of the ordinance will preclude the property's use for any purpose to which it is reasonably adapted. *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976), *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974). Having carefully read the transcript

---

[1] We will not reverse or modify the trial court's decision in an equity case unless we are convinced that we would have reached a different decision had we occupied the position of the trial court. *Ford v Howard,* 59 Mich App 548; 229 NW2d 841 (1975). Insofar as our review of the record convinces us that the trial court correctly ruled that the ordinance was unreasonable as applied to plaintiff's property, see *infra,* the alleged errors upon which defendants base this issue do not warrant reversal or modification of the lower court's judgment.

and examined the exhibits we are firmly convinced that plaintiff sustained its burden of proof.

Plaintiff's witnesses[2] were unanimous in their conclusion that the property is unmarketable at any price for residential use primarily because of the unacceptable level of noise generated by the traffic on Telegraph Road. Plaintiff supported that contention with an impressive array of proofs, which we shall briefly summarize.

The noise level at the site upon which the residential buildings would be constructed averages 70 decibels—a level slightly higher than that in an urban shopping center and slightly lower than that in a second floor New York City tenement. Furthermore, the State Highway Department had asked the Federal Highway Administration for a variance from the latters' environmental standards because of the excessive and uncontrollable noise to be generated by the *proposed* widening of Telegraph Road.

There was also testimony that because of the subject parcel's size and proximity to Telegraph Road, an earthen berm of feasible proportions would not ameliorate the situation.[3] Furthermore, the parcel's size precluded setting the houses back as far as the existing developments along Telegraph.

---

[2] Those witnesses included an experienced real estate appraiser, an architect and consulting city planner, an accoustical engineer employed by a testing laboratory specializing in the evaluation of accoustical environment, and a real estate broker and appraiser.

[3] One of plaintiff's witnesses testified that a berm 10 to 12 feet high would be necessary to buffer the parcel. Defendants' witness proposed that a berm 5 feet high and 27 feet wide could be built and still leave room for a cluster development of 5 units. (That proposal would leave 13 feet between the berm and the unit closest to it.) We infer that a larger berm would leave yet less room for the development, and in this regard it is significant that plaintiff's witnesses testified that there simply was not enough room on the parcel to construct both a berm and a marketable housing development.

In addition, evidence was adduced concerning the use of other residentially zoned lots in the vicinity that are located as close to Telegraph as the subject property. Those lots are significantly underdeveloped despite the fact that other houses in the pertinent developments sell for more than $100,000. The reluctance to build houses in such close proximity to the highway is due to the fact that there is not a viable market for such housing.[4]

In short, plaintiff presented substantial and persuasive evidence that there was no market whatever for residential housing built on its lot. The trial court did not err in finding the zoning restriction unreasonable as applied to plaintiff's property. *Long v Highland Park,* 329 Mich 146; 45 NW2d 10 (1950). Its enforcement would not permit the property to be used for any purpose for which it is reasonably adapted. *Kirk, supra.*

Defendants' final argument is that the trial court was limited to determining the constitutionality of the ordinance and that it should not have issued an injunction effectively rezoning the property in question. We disagree.

Injunctions such as that issued by the lower court in this case have been approved by our Supreme Court. *E.g., Daraban v Redford Twp,* 383 Mich 497; 176 NW2d 598 (1970), *Dequindre Development Co v Warren Twp,* 359 Mich 634; 103 NW2d 600 (1960), *Industrial Land Co v Birmingham,* 346 Mich 667; 78 NW2d 656 (1956). The trial court heard testimony concerning the proposed use and concluded that it was reasonable and would have no deleterious effect on the existing residential area. Our review of the record confirms his assessment; the injunction was warranted.

Affirmed.

---

[4] The only comparable cluster development in the area was a "financial disaster" for its owner because of the greatly depressed market value of the lots abutting Telegraph Road.

N. J. Kaufman, P. J., concurred.

D. E. Holbrook, Jr., J. *(dissenting).* Review of the trial court's opinion clearly indicates the trial court felt constrained by the standards of *Sabo v Monroe Twp,* 394 Mich 531; 232 NW2d 584 (1975). In reference to *Sabo,* the trial judge stated, "the Court sheds a sigh of disappointment at the possible demise of the aged and revered doctrine of presumption of constitutionality of all laws." The judge concluded the plaintiff had met its burden of showing unconstitutionality under *Sabo* and that plaintiff had also met its burden in showing the proposed rezoning to office use was "reasonable" under *Sabo.*

While the trial judge can hardly be faulted for feeling constrained by the then-precedential decision in *Sabo,* nevertheless in 1976 the Supreme Court expressly overruled the 3–2 decision of *Sabo* in *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976). In *Kirk* the Supreme Court returned to the standards for challenging the constitutionality of a zoning ordinance enunciated in *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974). The burden placed on one challenging a zoning ordinance is much heavier under *Kirk* than the "reasonableness" test set forth in *Sabo.*

One of the four factors in *Kropf* is giving considerable weight to the findings of the trial judge in equity cases. While the trial judge's findings could be reviewed *de novo* I believe the better course is to remand to the trial court for reconsideration in light of *Kropf.* See *Michigan National Bank v Windsor Twp,* 76 Mich App 387; 256 NW2d 791 (1977). It is clear the trial court relied heavily upon, and felt constrained by, the *Sabo* case. I am unable to say what the judge would have done

under the proper standards and believe the trial court should pass on plaintiff's claims before they are reviewed by this Court.

I would therefore remand for findings under the *Kropf* standard.