RANDALL *v.* MERIDIAN TOWNSHIP BOARD.

1. TOWNSHIPS—ZONING ORDINANCE—INJUNCTION.

The mere fact that a property owner has no vested or contractual right to keep adjacent property in its present zoning classification does not preclude him from coming into court of equity and challenging the validity of an amendment to the ordinance on the grounds of arbitrariness or unreasonableness of the proposed change or irregularities in the proceedings, because of possible adverse effects of the change on his property interest.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NOTICE—EXHAUSTION OF LEGAL REMEDIES—INJUNCTION.

The controverted question as to defectiveness of notice and whether plaintiffs have exhausted their legal remedies to prevent adoption of amendment to zoning ordinance are not

REFERENCES FOR POINTS IN HEADNOTES

[1] See, generally, 58 Am Jur, Zoning §§ 220, 253.
[2] 58 Am Jur, Zoning § 247.
[3] 58 Am Jur, Zoning § 8.
[4] 28 Am Jur, Injunctions § 175 *et seq.*; 34 Am Jur, Mandamus § 128.
[5] 28 Am Jur, Injunctions §§ 177, 182, 185, 186.

determined, where trial court is held to be without jurisdiction to grant such an injunction.

3. TOWNSHIPS—TOWNSHIP BOARD—LEGISLATIVE FUNCTION—ADOPTION OF ORDINANCES.

. The function of the township board in enacting a zoning ordinance is legislative.

4. CONSTITUTIONAL LAW—DIVISION OF POWERS—COURTS—LEGISLATIVE BODIES.

Injunctive or consequential relief to compel action by a legislative body may not be granted by a court.

5. COURTS—JURISDICTION—INJUNCTION OF LEGISLATIVE ACTION. ·

Plaintiffs in a suit to enjoin the adoption of an amendment to a zoning ordinance by a township board so as to change adjacent property from agricultural to a commercial classification may not prevail in such a suit, as courts have no jurisdiction to enjoin the legislative action of adopting an ordinance, although they do have jurisdiction to entertain a suit to challenge the validity of the amendment once it is adopted or to enjoin violation of provisions of the zoning ordinance in effect prior to the amendment.

Appeal from Ingham; Coash (Louis E.), J. Submitted April 8, 1955. (Docket No. 52, Calendar No. 46,454.) Decided June 6, 1955.

Bill by Kenneth C. Randall and Marian G. Randall against the Township Board of Meridian Township, Ingham County, to enjoin amendment of township zoning ordinance. Decree for defendant dismissing bill. Plaintiffs appeal. Affirmed.

*Gregg, Glassen, Parr & Rhead* (*H. W. Glassen,* of counsel), for plaintiffs.

· *Fred C. Newman,* for defendant.

DETHMERS, J. Plaintiffs, lot owners, sought to enjoin defendant from amending the township zoning ordinance to change property adjacent to theirs from agricultural to a commercial classification. The

ground urged was insufficiency of the notice of public hearing on the proposed amendment before the township zoning board, required to be published under CL 1948, § 125.279 (Stat Ann 1949 Rev § 5.2963 [9]). The trial court entered a decree dismissing plaintiffs' bill of complaint for failure to exhaust their legal remedies by way of appearance and protest of the amendment before the township board and petition for referendum. Plaintiffs appeal.

Defendant says that plaintiffs have no right to injunctive relief because they have no vested or contractual right to keep the adjacent property in its present zoning classification, citing *Gratton* v. *Conte,* 364 Pa 578 (73 A2d 381). See, also, annotations commencing at 138 ALR 500 for the proposition that such vested or contractual rights do not exist. It does not follow, however, that plaintiffs have no standing in a court of equity to challenge the validity of an amendment to the zoning ordinance on the grounds of arbitrariness or unreasonableness of the proposed change or irregularities in the proceedings. Possible adverse effects of the change on their property create in them such an interest in the subject matter as to entitle them to maintain an action for that purpose. *Crozier* v. *County Commissioners of Prince George's County,* 202 Md 501 (97 A2d 296, 37 ALR2d 1137), and annotations commencing at 37 ALR2d 1143.

We need not determine the controverted question of defectiveness of the notice or whether plaintiffs have exhausted their legal remedies, inasmuch as we hold the court to be without jurisdiction to grant the relief prayed.

The function of the township board in enacting a zoning ordinance is legislative. *Township of Dearborn* v. *Dearborn Township Clerk,* 334 Mich 673. "The court may not direct or control legislative action." *Board of Education of the City of Detroit*

v. *Superintendent of Public Instruction,* 319 Mich 436, 454. "Injunctive or consequential relief to compel action by the legislature may not be granted by the court." *Id.* (Syllabus.) To same effect, see *City of Jackson* v. *Commissioner of Revenue,* 316 Mich 694.

"While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another. *Attorney General, ex rel. Graves,* v. *Mayor and Common Council of City of Adrian,* 164 Mich 143; *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich 338; *City of Jackson* v. *Commissioner of Revenue,* 316 Mich 694. The court erred in seeking to compel the defendant mayor and city commission members to amend the ordinance." *Northwood Properties Co.* v. *Royal Oak City Inspector,* 325 Mich 419, 423, 424.

See, also, *Tel-Craft Civic Ass'n* v. *City of Detroit,* 337 Mich 326.

Plaintiffs have an interest which would entitle them to maintain an action to challenge the validity of the amendment once it is adopted or to seek to enjoin violation of provisions of the zoning ordinance in effect prior to the amendment, and the courts have jurisdiction to entertain such actions; but they have none to enjoin the legislative action of adopting it. See, also, *State, ex rel. Rose,* v. *Superior Court of Milwaukee County,* 105 Wis 651 (81 NW 1046, 48 LRA 819).

Decree affirmed, with costs to defendant.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.