TREVER v STERLING HEIGHTS

1. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—AVAILABLE REMEDY.

   Plaintiff must exhaust his administrative remedies only where a remedy before an administrative agency is provided.

2. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—SUMMARY JUDGMENT.

   Summary judgment should not have been granted the defendant city on the basis that the plaintiff had not exhausted his administrative remedies with respect to the denial of a business license because of two ordinances that were passed that governed his type of business where plaintiff alleges in his complaint that the ordinances are arbitrary and capricious as applied to his property, where there was no element of the city government vested with the power to determine the validity of the ordinances, and where he has complied with the administrative requirements sufficiently enough to raise the constitutionality of the additional requirements by applying for a license and tendering the license fee.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 November 10, 1971, at Detroit. (Docket No. 10235.)   Decided January 18, 1972.

Complaint by Joseph Trever against the City of Sterling Heights, its city manager, and its zoning administrator for declaratory judgment that certain zoning ordinances are unconstitutional as applied to his property.   Summary judgment for defendants.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]  2 Am Jur 2d, Administrative Law §§ 595, 597.

Plaintiff appeals. Reversed and remanded to circuit court for a full evidentiary hearing.

*Davidow & Davidow,* for plaintiff.

*O'Reilly & Cornell* (by *Robert L. Ziolkowski*), for defendants.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The plaintiff operated an earth removal and landfill business in the Township of Sterling Heights for approximately 30 years. The governing board thereof, in 1965, enacted two ordinances governing such businesses, being ordinances number 81 and 82. These in turn were accepted by the city when it adopted a charter on July 1, 1968.

Prior thereto the plaintiff did, in fact, receive a permit for a period of one year beginning with April 1, 1968. Thereafter, he deposited the sum of $150 with the city clerk, but did not furnish the engineering data required by the ordinances. The permit to continue business was refused. On May 26, 1970, plaintiff filed a complaint for declaratory judgment in circuit court, praying that the ordinances be declared unconstitutional as applied to his property and that an order temporarily restraining the city from enforcing the ordinances be issued. After attempts by the trial court to effectuate an out-of-court resolution of the differences between the parties failed, the city filed a motion for a summary judgment on the basis that the plaintiff had not exhausted his administrative remedies. The motion

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was granted. On August 10, 1970, the plaintiff filed a motion to set aside the summary judgment and to have a hearing on the merits granted. This was denied, whereupon plaintiff filed a claim of appeal on September 17, 1970.

The issue is whether or not it was necessary for him to do anything else before challenging the validity of the ordinances in court.

The generally-accepted rule can be found in 2 Am Jur 2d, Administrative Law, § 595, p 426:

"The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act."

Continuing on page 428:

"It involves a policy of orderly procedure which favors a preliminary administrative sifting process, particularly with respect to matters peculiarly within the competence of the administrative agency, avoidance of interference with functions of the administrative agency by withholding judicial action until the administrative process has run its course, and prevention of attempts 'to swamp the courts by a resort to them in the first instance.' "

It will be observed that the key words in the above quoted rule are "where a remedy before an administrative agency is provided". Illustrative of this point is *Hutson* v *Royal Oak,* 28 Mich App 393 (1970), wherein the plaintiff attempted to secure repayment of taxes without applying to the Board of Review. Since that Board had the authority to grant the relief requested, the question was not properly raised in circuit court prior to some disposition by the Board.

The situation in the instant case is significantly different from that in *Hutson,* since here no element of the city government is vested with the power to determine the validity of the ordinances. If we were to require plaintiff to comply with the licensing requirements, when he asserts that such requirements are arbitrary, unreasonable and capricious, before he could raise the questions in a court suit, it would result in his having to do exactly that which he asserts is unwarranted. Since plaintiff has applied for a license and tendered the required $150 license fee, he has complied with the administrative requirements to a sufficient degree to raise the question of whether the additional requirements are constitutionally valid.

The case of *Long* v *Highland Park,* 329 Mich 146, 149 (1950), is illustrative of the point at issue. There the city took the position that the plaintiff would have to exhaust his administrative remedies by seeking a building permit before he could challenge the validity of a certain zoning ordinance. The Court held:

"Appellant claims that equity does not have jurisdiction where the plaintiffs had not exhausted their remedy under the provisions of the zoning ordinance by applying for a building permit, seeking relief from the board of zoning appeals, the zoning commission, and the common council of the city. There is no merit in the claim. Plaintiffs do not here seek, nor have they asked the city for a building permit, to erect a building for any particular use. The municipal authorities referred to do not have the power to declare the ordinance unconstitutional and void as applied to plaintiffs' property and they could not grant the relief here sought. An attempt by them to do so, which in effect would result in a violation of the ordinance, would have been ineffective."

The plaintiff herein alleges in his complaint that the said ordinances are invalid as far as his property is concerned. He further alleges that the ordinances, as applied to him, are arbitrary, capricious and unreasonable, and that the enforcement thereof amounts to the taking of his property without due process and equal protection of the law. We rule that he should have an opportunity to prove these allegations.

As stated by this Court in *Dunnan & Jeffrey, Inc v Gross Telecasting, Inc,* 7 Mich App 113, 118 (1967):

"We are not here concerned with what plaintiff may or may not prove at trial but rather what it says it will prove. If plaintiff's complaint contains allegations which, if proved, state a claim on which relief can be granted, defendant was not entitled to summary judgment."

Reversed and remanded to the Circuit Court of Macomb County for a full evidentiary hearing on the complaint as amended. Costs to abide final result.

All concurred.