MUNSON MEDICAL CENTER v LOCAL 395, HOTEL, HOSPITAL, RESTAURANT EMPLOYEES & BARTENDERS UNION, AFL-CIO

1. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—COURTS—JURISDICTION.

    The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will assume jurisdiction.

2. ADMINISTRATIVE LAW—EMPLOYMENT RELATIONS COMMISSION—UNFAIR LABOR PRACTICES—WITHDRAWAL OF CHARGES—INJUNCTION—JURISDICTION.

    A circuit court does not have jurisdiction to order a party to withdraw unfair labor practice charges filed with the Employment Relations Commission because once jurisdiction has been obtained by the commission it remains with the commission until the matter is finally determined.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 October 10, 1972, at Grand Rapids. (Docket No. 12619.) Decided November 27, 1972.

Complaint by Munson Medical Center against Local 395, Hotel, Hospital, Restaurant Employees & Bartenders Union, AFL-CIO, and others for an injunctive order to compel defendants to withdraw charges of unfair labor practices previously filed with the Michigan Employment Relations Commission. Injunction granted. Defendants appeal. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 595 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 491.

*Marcus, McCroskey, Libner, Reamon & Williams, P. C.* (by *Edward M. Welch, Jr.*), for defendants.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

HOLBROOK, P. J. On August 25, 1971, Grand Traverse Circuit Court issued an injunctive order which required defendants, according to contract, to withdraw two complaints or charges of unfair labor practices which had been filed with the Michigan Employment Relations Commission.

Paragraph 4 of the contract provides:

"The union agrees to take all necessary action to withdraw unfair labor practice charges filed against the hospital and currently before the Michigan Employment Relations Commission."

The issue raised on appeal is simply: *Does a circuit court have jurisdiction to issue an order requiring a party to withdraw a complaint which had previously been filed with the Michigan Employment Relations Commission?*

The problem is jurisdictional. The trial court accepted jurisdiction and signed plaintiff's proposed injunctive order requiring defendants to withdraw the unfair labor practice charges, thus, if effective, foreclosing all action on grievances filed with the Michigan Employment Relations Commission.

Defendants claim the contract upon which the injunction was ordered is incomplete. The entire dispute is a labor dispute which was properly

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

before the administrative agency. The following generally accepted jurisdictional rule applies:

"The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act." 2 Am Jur 2d, Administrative Law, § 595, p 426; *Trever v Sterling Heights,* 37 Mich App 594, 596 (1972).

The Michigan Employment Relations Commission obtained jurisdiction over the matter at issue upon the filing of the grievances by defendants. The trial court properly refused to issue an injunctive order against that commission.

We note that the trial judge was not overly receptive to accepting jurisdiction or in signing the injunctive order. He stated in part:

"Well, I would certainly put down here that this is without prejudice to the rights of the union to file new charges. I couldn't prevent them doing that anyhow, certainly; and that without prejudice they have the right to renew it; and I can't prevent the commission from entertaining it if they want to, also. So I feel that's the proper place to get this thing."

We rule that jurisdiction having been obtained by the Michigan Employment Relations Commission remained with the commission until the matter was finally determined. The trial court's injunctive order against the defendants was improperly granted.

We are not here concerned with what defendants may or may not prove at an administrative hearing, but rather what they say they will prove. If they are able to assert and establish an incomplete or defective contract, or if plaintiff proves a valid contract and breach, the final decision will be subject to appeal. A circuit court has jurisdic-

tion to review final administrative decisions; if unsatisfactory, either party may appeal. Const 1963, art 6, § 28; MCLA 24.108; MSA 3.560(21.8).

The reviewing court then has the benefit of a final decision with its theories, conclusions, and fact finding. This is in keeping with both the constitution and statute.

Reversed and remanded.

All concurred.