*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN CONNELL, LARRY CONNELL,
JAMES P. EYSTER, KIM E. MICHENER, RITA
MICHENER, DIANA NEWMAN, MICHAEL B.
O'LEARY, and LAURA OUELLETTE,

        Plaintiffs-Appellants,

v

LIMA TOWNSHIP and LIMA TOWNSHIP
PLANNING COMMISSION,

        Defendants-Appellees.

FOR PUBLICATION
March 4, 2021
9:05 a.m.

No. 353871
Washtenaw Circuit Court
LC No. 19-000834-CZ

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and RICK, JJ.

SWARTZLE, P.J.

Lima Township rezoned property in its jurisdiction, subject to certain conditions proposed by the property owner. Adjacent property owners sought to challenge the rezoning decision in circuit court, but the court concluded that they did not exhaust certain administrative remedies and were not aggrieved parties. The critical issue on appeal is whether the rezoning decision was a legislative act or an administrative/quasi-judicial act. As explained, rezoning is a legislative act, in contrast to, for example, the decision to grant a conditional-use permit. Given this, plaintiffs were not required to exhaust administrative remedies or show that they were aggrieved parties, and the circuit court erred by granting summary disposition to defendants on these grounds.

## I. BACKGROUND

### A. THE 2018 CONDITIONAL-REZONING APPLICATION

The subject property is a 3.41-acre parcel in Lima Township. In 1945, a factory was built on the property. The facility was used as a factory until 1986, and thereafter the facility was used for other purposes, including as a prior nonconforming use due to a zoning change. The facility was eventually abandoned, and it remained abandoned for approximately 30 years; at some point, the property was rezoned Rural Residential (RR). Several residences were constructed nearby

-1-

when the facility was no longer being used as an active factory. In 2016, the property owners began to repair the facility.

In the fall of 2018, one of the owners of the subject property, James Smith, requested that the Township conditionally rezone the subject property from Rural Residential (RR) to Light Industrial (LI). A conditional rezoning involves a property owner's offer to impose certain conditions on the use of property in exchange for a rezoning to a new use classification. The Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, specifically allows a local unit of government to engage in conditional rezoning:

> (1) An owner of land may voluntarily offer in writing, and the local unit of government may approve, certain use and development of the land as a condition to a rezoning of the land or an amendment to a zoning map.

> (2) In approving the conditions under subsection (1), the local unit of government may establish a time period during which the conditions apply to the land. Except for an extension under subsection (4), if the conditions are not satisfied within the time specified under this subsection, the land shall revert to its former zoning classification.

> (3) The local government shall not add to or alter the conditions approved under subsection (1) during the time period specified under subsection (2) of this section.

> (4) The time period specified under subsection (2) may be extended upon the application of the landowner and approval of the local unit of government.

> (5) A local unit of government shall not require a landowner to offer conditions as a requirement for rezoning. The lack of an offer under subsection (1) shall not otherwise affect a landowner's rights under this act, the ordinances of the local unit of government, or any other laws of this state. [MCL 125.3405.]

Thus, the keystone of a conditional rezoning is that the conditions are voluntarily offered by the property owner in writing, and the local unit of government cannot require the landowner to offer conditions as a requirement for rezoning.

The Township designated Smith's request for conditional rezoning as Application 2018-002, and this designation appears on all of the minutes from the relevant meetings of the Lima Township Planning Commission and the Lima Township Board of Trustees. Plaintiffs have provided a copy of the Township's zoning map to illustrate the location of the subject property and the surrounding land uses. This map shows the crossroads and the zoning districts in the area, as well as the location of surrounding homes; it illustrates that the subject property is entirely surrounded by residential uses located in either the Agriculture-1 (AG-1) or Rural Residential (RR) Districts.

It is uncontested that plaintiffs, as owners of adjoining parcels, received written notice of a Planning Commission meeting held on August 27, 2018, at which the proposal for a conditional

rezoning of the subject property from Rural Residential (RR) to Light Industrial (LI) was first considered. Several of the plaintiffs spoke during the public hearing. After the hearing concluded, the Planning Commission considered action on the application, but eventually postponed action until a site plan was submitted. From this point forward, the Planning Commission did not provide plaintiffs with any specific notice regarding meetings on the application for a conditional rezoning; rather, the meetings were simply noticed under the more general requirements of the Open Meetings Act, MCL 15.261 *et seq*, as acknowledged by both parties during oral argument on appeal.

At its next meeting on September 24, 2018, the Planning Commission briefly considered the application. The Planning Commission's meeting minutes report that the chairman "stated that there has not been a site plan filed for Application 2018-002." The Planning Commission again voted to "postpone Application 2018-002 until a Site Plan is filed."

At its meeting on October 22, 2018, the Planning Commission again considered the application. The Planning Commission's meeting minutes for that date report that the chairman "stated a site plan was received on October 3, 2018." (The trial-court record does not contain a copy of this site plan.) The Planning Commission had also received a report from the Lima Township Planner which stated that all surrounding land uses were residential in nature, and that "the development pattern immediately surrounding the subject site is well established." The report noted that the application was one for conditional rezoning, and the applicant had offered several conditions in exchange for the rezoning. The Township Planner ultimately opined that the site plan submitted by the applicant was inadequate, and recommended that the Planning Commission "postpone action until the applicant has had a chance to revise their application." The Planning Commission voted to direct staff "to draft a resolution recommending denial of the requested conditional rezoning for Application 2018-002."

At its next meeting on November 26, 2018, the Planning Commission considered the application. The Planning Commission's meeting minutes indicate the following regarding Application 2018-002:

> Chair Consiglio stated that a Public Hearing was held in August with public comments.

> Received Resolution of Findings and Recommendation from Township Planner Paul Montagno, dated received November 19, 2018.

> At this time Chair Marlene Consiglio read the terms of the standards A through G from the Resolution of Findings and Recommendations. Discussion followed.

> Motion by Elizabeth Sensoli, seconded by Marlene Consiglio to forward Application 2018-002 to the Lima Township Board and recommend that they deny the application for a conditional rezoning from RR-Rural Residential to LI-Limited Industrial for the parcel located at 1035 North Fletcher Road, Chelsea, MI 48118.

The Planning Commission's vote to recommend denial of the requested conditional rezoning was five members in favor, two members opposed. The meeting minutes do not report that any member of the Planning Commission abstained from voting or was absent.

In their amended complaint, plaintiffs referred to this November 26, 2018 vote of the Planning Commission. Plaintiffs alleged that, following the August 2018 public hearing during which public comment was received, the Planning Commission voted to deny the conditional rezoning request on November 26, 2018. Plaintiffs further alleged that they "all understood that this ended the application process for rezoning." As the subsequent proceedings would reveal, however, plaintiffs' understanding was incorrect.

As explained in more detail in the next section, rezoning is a legislative act that can be accomplished only by the Lima Township Board of Trustees; the Planning Commission can only issue a *recommendation* to the Township Board. The Lima Township Zoning Ordinance addresses amendments (including the rezoning of parcels) in Section 14.3, titled "Amendment Procedures." The Zoning Ordinance provides that an amendment may be initiated by petition of one or more property owners of Lima Township, and all proposed amendments must be referred to the Planning Commission for review and recommendation before action may be taken thereon by the Township Board. (Lima Township Zoning Ordinance, § 14.1.) The Planning Commission must hold at least one public hearing on a requested rezoning (Lima Township Zoning Ordinance, §14.3.2), and must forward any recommendation to the Township Board:

> 14.3.7. The Planning Commission shall, following the public hearing and action on the petition, transmit the petition and a summary of comments received at the public hearing and recommendation to the Township Board.
>
> 14.3.8. The Planning Commission shall report its findings, a summary of comments from the public hearing, and its recommendations for disposition of the petition to the Township Board following the public hearing within a reasonable amount of time from the filing date. If the Township Board shall deem advisable any changes, additions, or departures as to the proposed amendment, it shall refer it to the Planning Commission for a report thereon within a time specified by the Board. Thereafter, the Board may act upon the petition. [Lima Township Zoning Ordinance, §§ 14.3.7-14.3.8.]

Therefore, the Planning Commission's decision on November 26, 2018, to recommend denial of Smith's application for a conditional rezoning was simply that—a recommendation—and one that was not final until acted upon by the Township Board. Thus, as noted, plaintiffs were incorrect in believing that the November 26, 2018, recommendation concluded the matter.

Meeting minutes of the Township Board indicate that the Planning Commission did forward its recommendation to the board. (Although the Township Board's meeting minutes are not part of the record on appeal, at oral argument before this Court, counsel for both parties agreed that this Court could take judicial notice of these public records.) The Township Board's minutes of the meeting held on December 10, 2018, state in relevant part: "1035 N Fletcher Rd—re-zoning: Findings Report from Twp. Planner was too intensive for recommending application approval."

The next month, the Township Board returned the application to the Planning Commission, as reflected by the January 14, 2019, minutes:

> 1035 N. Fletcher Rd.—Rezoning RR to LI Conditional Application #2018-002
>
> Moved by Bater, supported by Laier referring application #2018-002 back to the Planning Commission so modifications may be made to the application by the applicant and presented again. Motion carried 4 ayes, 1 nay (Havens)

The Planning Commission once again considered the application for a conditional rezoning at its meeting on March 25, 2019. The Planning Commission's meeting minutes for that date indicate: "The list of limited formal uses need[s] to be typed up by the applicant and given to the Planning Commission for conditional rezoning, and also the prior Site Plan needs to be attached to the rezoning request." The meeting minutes also indicate that the Planning Commission voted to direct the Township Planner "to develop a draft for a resolution in favor of conditional rezoning with conditions for Application 2018-002, and to table this until April 22, 2019." (The record does not indicate that anything of note occurred on April 22, 2019.)

On May 17, 2019, Smith submitted another revised site plan. The record does not contain the site plan or the list of conditions proposed for the subject property.

At its next meeting on June 24, 2019, the Planning Commission again considered the application for conditional rezoning of the subject property. The Planning Commission's meeting minutes report the following regarding Application 2018-002:

> Motion by Howard Sias, seconded by Marlene Consiglio, to recommend to the Township Board for approval of application #2018-002 for conditional rezoning for 1035 N. Fletcher Road, with the conditions offered by the applicant on their site plan dated May 14, 2019, and based on the Planning Commissions' [sic] Resolution of Findings and Recommendation dated June 24, 2019.

The Planning Commission's vote was three members in favor, one member opposed, one member abstaining, and two members absent.

On July 8, 2019, the Township Board met to consider the Planning Commission's recommendation that it approve Smith's revised application. According to plaintiffs, none of the owners of adjoining parcels received notice about this meeting, and the Township Board did not receive any correspondence from those neighbors regarding the revised site plan filed in May 2019.

The Township Board's minutes from its July 8, 2019 meeting state:

> 1035 N. Fletcher Rd. - Rezoning RR to LI Conditional Application #2018-002
>
> Now therefore be it resolved, that the Planning Commission recommends to the Township Board, that they approve the application for a rezoning from RR-Rural Residential to LI,—Light Industrial with the conditions offered by the applicant in a the [sic] letter received on May 17, 2019, and the site plan with final revision date

of 5-14-19, case # 2018-002, for the parcel located at 1035 North Fletcher, Chelsea, MI 48118, with tax parcel ID # G-0-08-400-012.

Moved by Luick, seconded by Bater to follow the Planning Commission's recommendation and give approval to 1035 N. Fletcher Road for rezoning with conditions from RR-Rural Residential to LI-Light Industrial.

ROLL CALL VOTE: AYE: Bater, Maier, Luick NAY: Havens, Laier ABSENT: None

Motion passed

The very next day, by letter dated July 9, 2019, plaintiffs James Eyster, Michael O'Leary, Karen Connell, Larry Connell, and Diana Newman filed a written request for an appeal to the Lima Township Clerk. The letter was stamped "Received" on July 10, 2019. In that letter, plaintiffs stated, "[W]e are filing this appeal of the decision of the Planning Commission and Township Board to approve a re-zoning of the property located at 1035 N. Fletcher Road, which was approved on July 8, 2019. Please notify Mr. Eyster as to the amount of the fee to be paid." The letter presented detailed arguments regarding why plaintiffs believed that the approval of the request for a conditional rezoning was invalid, including: (1) the Planning Commission failed to provide proper notice to surrounding property owners under Township Zoning Ordinance § 14.3.8; (2) the conditional rezoning amounted to illegal spot zoning; (3) Township Zoning Ordinance § 14.7 allowed conditional rezoning only for uses of "land and natural resources" but not for structures; (4) the rezoning did not comply with the Township's Master Plan; (5) the legislative decision to rezone was arbitrary and capricious; and (6) several Planning Commission members improperly abstained from the vote. Defendants do not dispute that plaintiffs filed this letter with the Township Clerk or that the Township Clerk stamped it "Received."

According to plaintiffs' counsel, the Lima Township Supervisor subsequently contacted plaintiffs by telephone and informed them that the appeal would not be accepted and that their only remedy was to file suit in circuit court. Although plaintiffs did not provide an affidavit regarding the contents of this telephone call, defendants do not dispute that the Township Supervisor rejected plaintiffs' attempt to pursue an administrative appeal of the decision to rezone the subject property.

## B. THE CIRCUIT-COURT LAWSUIT

On August 6, 2019, plaintiffs sued defendants in circuit court, challenging the conditional rezoning of the subject property. Plaintiffs made the following claims: (1) taking without just compensation/inverse condemnation/regulatory taking; (2) violation of plaintiffs' substantive-due-process rights; and (3) violation of plaintiffs' procedural-due-process rights. In support of their claims, plaintiffs alleged that the Township's approval of the conditional rezoning had caused plaintiffs to suffer "a special injury or right, or substantial interest which will be detrimentally affected in a manner different from the citizenry at large," and that they would "suffer special damages, distinct from the public generally" because they were "abutting residential property owners on all four sides" of the subject property. Plaintiffs alleged that their special damages included:

a. Deprivation of the quiet enjoyment of their homes and property;

b. Loss in property values;

c. Unrestricted exposure to paint fumes, metal and wood dust, and industrial noise up to twelve hours a day, seven days a week;

d. Unrestricted visual exposure to a stark, gray, monolithic building with boarded-up windows;

e. Daily subjection to ten or more cars and trucks being driven around the northern side of the factory to an extensive new parking lot;

f. Legal expenses, including, but not limited to, actual attorney fees, consultant fees, overhead, and disbursements.

Plaintiffs subsequently moved for partial summary disposition under MCR 2.116(C)(10). Plaintiffs requested that the circuit court enter a "declaration that the conditional rezoning from Rural Residential to Light Industrial of the property located at 1035 N. Fletcher Road in Lima Township, Washtenaw County, Michigan is invalid by failure to properly notify adjacent landowners of the Planning Commission meeting of June 24, 2019 at which the application for rezoning was considered and approved." The issue that plaintiffs raised in their motion for summary disposition—the alleged inadequacy of notice—was only one claim among the various claims raised in their amended complaint.

Defendants opposed the motion and argued that the circuit court should grant summary disposition in their favor under MCR 2.116(I)(2). Because the circuit court later adopted defendants' arguments by reference as the holding of the court, we will describe defendants' arguments in some detail.

First, defendants argued that plaintiffs had failed to exhaust their administrative remedies before filing the lawsuit. They argued that under section 604 of the MZEA, MCL 125.3604(1), plaintiffs were required, as persons "aggrieved" by a zoning decision of a municipal board, to appeal to the Lima Township Zoning Board of Appeals before suing in circuit court. Defendants argued that plaintiffs skipped this step, and accordingly failed to exhaust available administrative remedies.

Second, defendants argued that plaintiffs failed to qualify as parties "aggrieved" by the Township's rezoning action, citing *Olsen v Chikaming Twp*, 325 Mich App 170; 924 NW2d 889 (2018). Defendants argued that, to qualify as an "aggrieved" party with standing to sue under the MZEA, a party is required to show that the party suffered special damages not common to other property owners who were similarly situated. Defendants further argued that "mere ownership" of an adjoining parcel of land is insufficient to show that a party is aggrieved. Therefore, even if plaintiffs had exhausted their administrative remedies, they could not challenge the Township's rezoning decision because they were not "aggrieved" parties.

Third, defendants argued that, even if plaintiffs were "aggrieved" parties under the MZEA, defendants had satisfied all of the procedural requirements of the MZEA before rezoning the

subject property. Defendants argued that the Planning Commission held one public hearing on Smith's conditional-rezoning request, and it issued all required notices for that public hearing. Because the Planning Commission held that one public hearing, the Township was required to do nothing more because it had met the procedural requirements of the MZEA and was "free to proceed with its business."

Finally, defendants argued that plaintiffs had improperly relied on "unsworn testimony as statements of fact." Specifically, defendants were referring to plaintiffs' allegations that they "did not receive notice of any regular meeting of the Planning Commission other than the initial hearing." Defendants objected that plaintiffs' argument on this point was "not supported by affidavits or deposition testimony" and therefore could not be considered by the circuit court.

At the hearing on plaintiffs' motion for summary disposition, plaintiffs addressed defendants' argument regarding exhaustion of administrative remedies. Plaintiffs' counsel stated:

> Defendants have responded that plaintiffs failed to exhaust their administrative remedies. That's not true, Your Honor. Exhibit O is a letter of appeal stamped received by the Lima Township clerk on July 10th, 2019, which is a—a request for an appeal. We did not receive back a letter, but the [township] supervisor called us and told us that we'd have to go to court if we wanted resolution of this issue; that we didn't have standing, because we were not the landowner himself.

Plaintiffs also addressed defendants' argument that plaintiffs had submitted only unsworn arguments to support their allegations about notice. Plaintiffs relied on defendants' answer to paragraph 30 of the amended complaint, stating:

> Defendants have admitted, and their answer to our paragraph 30 states that no new notices were sent to neighbors prior to the June 24th planning commission meeting, at which approval of the request was recommended, and the Township board then approved at their next meeting this recommendation, in part quote, based on the planning commission's resolution of findings and recommendation dated June 24th, 2019.
>
> * * *
>
> Defense states that no affidavits have been submitted, saying that notice had not been provided, but defense has already admitted that no notices were sent or required. Again, see the answer to our paragraph 30.

We note that plaintiffs are correct on this point. Referring to the June 24, 2019 meeting of the Planning Commission, plaintiffs alleged in paragraph 30 of their amended complaint, "None of the residential property owners received notice from the Township about this meeting of the Planning Commission as required by MCL § 125.3103." In answer to this allegation, defendants stated: "Admit the allegation in paragraph 30 that no new notices were sent out by the Township but for further answer state that no new notices were required by law."

At the conclusion of the hearing, the circuit court adopted defendants' arguments, explaining:

> So gentlemen, first of all, I really appreciate your professionalism, and I did read the briefs and the argument as—your arguments are well set out.
>
> It did cause me to reflect when I read these, I'm in my third decade on the bench, can you believe it, 30 years starting, and I was thinking about this, and the most times I've been reversed by the Court of Appeals is always when I find for the individual against the zoning board. I think there's only one case that I—ever where I found for the—the claimant, and it was reversed by the Court of Appeals, but the Supreme Court actually reinstated, you know, my opinion.
>
> So I am going to rest on the briefs. I'm agreeing, because it just seems this happens over and over, this time with you, [defendants' counsel], so I agree that your analysis is correct, I adopt it, and believe me, I'd love the Court of Appeals to come back and tell me sometimes that maybe the individual is correct, so motion is denied.

Plaintiffs' counsel immediately asked the circuit court to clarify the grounds for its decision, and the following exchange occurred:

> [*Plaintiffs' Counsel*]: Oh my gosh. Your Honor, could you explain to me—I—I don't understand that.
>
> *The Court*: What I'm saying is, is my experience is—I've—I adopt [defendants' counsel's] analysis in his written motion—
>
> [*Plaintiffs' Counsel*]: Mm-hmmm.
>
> *The Court*. —and I find that to be correct, and I hope you can convince the Court of Appeals I'm wrong.

After the circuit court denied plaintiffs' motion for partial summary disposition, defendants' counsel asked about the request for summary disposition in their favor under MCR 2.116(I)(2), and the circuit court granted that relief on the basis that plaintiffs were not "aggrieved" parties:

> [*Defendants' Counsel*]: Your Honor, are you—on this matter, I—we'd also asked for summary under 116.(I) regarding the fact that he is not an aggrieved party as that term is defined.
>
> *The Court*: Yes.
>
> [*Defendants' Counsel*]: Granting on that also?
>
> *The Court*: Yes.

[*Defendants' Counsel*]: OK.

*The Court*: Take it up, and if the Court of Appeals—

[*Defendants' Counsel*]: Thank you.

*The Court*: —agrees with you—if the Court of Appeals disagrees with you, I'm happy to give you a hearing.

[*Defendants' Counsel*]: Thank you, Your Honor.

*The Court*: All right.

The circuit court entered an order denying plaintiffs' motion for partial summary disposition and granting summary disposition in favor of defendants, "for the reasons set forth in defendants' response to plaintiffs' motion for summary disposition." The order specified that defendants were "granted summary disposition on all claims raised by plaintiffs" under MCR 2.116(I)(2).

This appeal followed.

## II. ANALYSIS

## A. STANDARD OF REVIEW

This Court reviews de novo a circuit court's decision to grant or deny summary disposition under MCR 2.116(C)(10), *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 166; 667 NW2d 93 (2003), and under MCR 2.116(I)(2), *Brandon Charter Twp v Tippett*, 241 Mich App 417, 421; 616 NW2d 243 (2000). A circuit court properly grants summary disposition to the opposing party under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law. *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). "In addition, we review de novo issues involving the construction of statutes and ordinances," and "also review de novo the legal question whether a party has standing." *Olsen*, 325 Mich App at 180.

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

When it denied plaintiffs' motion for summary disposition and granted summary disposition in favor of defendants, the circuit court adopted as its own analysis the arguments set forth in defendants' brief opposing plaintiffs' motion. In that brief, defendants argued that plaintiffs could not proceed with this lawsuit because plaintiffs failed to exhaust their administrative remedies. To the contrary, the exhaustion requirement does not apply because the relevant administrative appellate body could not have provided plaintiffs with any relief.

"As this Court has repeatedly recognized, when an administrative scheme of relief exists an individual must exhaust those remedies before a circuit court has jurisdiction." *In re Harper*, 302 Mich App 349, 356; 839 NW2d 44 (2013). "The doctrine of exhaustion of administrative remedies requires that where an administrative agency provides a remedy, a party must seek such

-10-

relief before petitioning the court." *Cummins v Robinson Twp*, 283 Mich App 677, 691; 770 NW2d 421 (2009), citing *Trever v Sterling Heights*, 37 Mich App 594, 596; 195 NW2d 91 (1972). "The converse, however, is that where the administrative appellate body cannot provide the relief sought, the doctrine does not apply." *Id*. Furthermore, when local law makes no provision for an administrative appeal, a party is not barred from filing a lawsuit in circuit court because of failure to exhaust his administrative remedies. *Wenner v Southfield*, 365 Mich 563, 566-567; 113 NW2d 918 (1962).

"The MZEA grants local units of government authority to regulate land development and use through zoning." *Olsen*, 325 Mich at 180 (citation omitted). Defendants maintain that, under § 604 of the MZEA, plaintiffs were required to appeal the Township Board's rezoning decision to the Lima Township Zoning Board of Appeals. The statute provides in pertinent part:

> (1) An appeal to the zoning board of appeals may be taken by a person aggrieved or by an officer, department, board, or bureau of this state or the local unit of government. In addition, a variance in the zoning ordinance may be applied for and granted under section 4 of the uniform condemnation procedures act, 1980 PA 87, MCL 213.54, and as provided under this act. The zoning board of appeals shall state the grounds of any determination made by the board. [MCL 125.3604(1).]

This statute must be read, however, in light of the distinction between a "legislative" decision versus an "administrative" decision involving zoning matters. Generally speaking, "[i]t is settled law in Michigan that the zoning and rezoning of property are *legislative* functions." *Sun Communities v Leroy Twp*, 241 Mich App 665, 669; 617 NW2d 42 (2000) (emphasis added); see also *Inverness Mobile Home Community, Ltd v Bedford Twp*, 263 Mich App 241, 247; 687 NW2d 869 (2004); *Essexville v Carrollton Concrete Mix, Inc*, 259 Mich App 257, 265; 673 NW2d 815 (2003); *Arthur Land Co, LLC v Otsego Co*, 249 Mich App 650, 662; 645 NW2d 50 (2002). In contrast, actions "such as site-plan review and the approval of special use permit requests, are essentially administrative in nature." *Sun Communities*, 241 Mich App at 669; see also *Mitchell v Grewal*, 338 Mich 81, 87-88; 61 NW2d 3 (1953).

For purposes of the MZEA, the "legislative body" of a township is defined as its board of trustees. MCL 125.3102(n). "The function of the township board in enacting a zoning ordinance is legislative." *Randall v Meridian Twp*, 342 Mich 605, 607; 70 NW2d 728 (1955). "The adoption of a zoning ordinance is a legislative act . . . [and] the rezoning of a single parcel of land from one district to another is an amendment of the zoning ordinance and is likewise a legislative act." *Sun Communities*, 241 Mich App at 669, quoting Crawford, Michigan Zoning and Planning (3d ed.), § 1.11, p 53. "The delegation of legislative power with respect to zoning matters to administrative boards and officers is unconstitutional and void." *McQuillan on Municipal Corporations* (3d ed revised), § 25:231, p 285.

Consistent with this legislative-versus-administrative distinction, the Lima Township Zoning Ordinance provides the Board of Appeals with the following authority:

The Board of Appeals shall:

A.  Hear and decide appeals of any *administrative decision* of any official or body on any requirement of this ordinance.

B.  Grant or deny requests for variances.

C.  Grant or deny requests for the expansion or alteration of non-conforming buildings and structures.

D.  Grant or deny requests for substitutions of non-conforming uses. The use being considered as a substitute must be equal to or less intense than the nonconforming use being replaced.

[Lima Township Zoning Ordinance § 13.4.1 (emphasis added).]

Thus, under the Township's Ordinance, the Board of Appeals could hear and decide an appeal from various administrative decisions, such as the Zoning Administrator's interpretation of the Lima Township Zoning Ordinance under § 3.2.1.J, the Planning Commission's decision to grant special-use permits under § 3.3, or the Zoning Administrator's refusal to issue a certificate of zoning compliance under § 3.4.  Furthermore, the Board of Appeals could grant or deny requests for variances, requests for the expansion or alteration of non-conforming buildings or structures, or grant or deny requests for substitutions of non-conforming uses.  (Lima Township Zoning Ordinance, § 13.4.1.)  There is nothing in the Township's Ordinance, however, providing the Board of Appeals with any authority over the legislative acts of the Township Board.  An administrative body cannot enlarge its scope of authority beyond that which is granted to it by law.

Another section of the Township's Ordinance makes clear the limits on the Board of Appeals' authority.  As delimited by § 13.4.2, the Board of Appeals "shall not alter or change the zoning district classification of any property."  A conditional rezoning approved by the Township Board necessarily entails making a "zoning district classification," and this cannot be altered or changed by the Board of Appeals under § 13.4.2.  To be clear, rezoning is a *legislative* decision, and the appointed Board of Appeals is neither a legislative body nor a body to which legislative powers may be delegated. *McQuillan, Municipal Corporations* (3d ed. revised), § 25:231, pp 287-288.  Thus, the Board of Appeals lacked the authority to hear any appeal from the Township Board's decision to rezone the subject property from Rural Residential (RR) to Light Industrial (LI).

And, even setting aside the legislative nature of the conditional rezoning and the Township Ordinance delimiting the Board of Appeals' authority, an administrative body cannot rule on constitutional claims. *Houdini Props, LLC v Romulus*, 480 Mich 1022, 1022-1023; 743 NW2d 198 (2008) ("The zoning board of appeals did not have jurisdiction to decide the plaintiff's substantive due process and takings claims.")  A plaintiff who brings a "due process challenge that claims arbitrariness or capriciousness" on the part of the governmental agency "need not exhaust any administrative remedies." *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 177; 667 NW2d 93 (2003).  Plaintiffs brought both procedural-due-process and substantive-due-process claims, alleging that the Township acted capriciously when it granted the conditional rezoning. Because the exhaustion requirement does not apply to these claims, the trial court erred in ruling that plaintiffs' lawsuit was barred because they had failed to exhaust their administrative remedies.

Against this, defendants argue that under our Supreme Court's decision in *Paragon Props Co v Novi*, 452 Mich 568; 550 NW2d 772 (1996), plaintiffs were still required to appeal to the Board of Appeals before suing in circuit court. Defendants read too much into *Paragon*.

In that case, our Supreme Court considered a landowner's challenge to a city council's decision to deny a requested rezoning of real property. The city argued that the property owner had failed to seek a use variance from the city's zoning board of appeals and, therefore had not obtained a final decision as to the potential uses of the property. *Id*. at 572. The Supreme Court noted that, under the city's zoning ordinance, its zoning board of appeals was authorized to grant a land-use variance, and the board had "the authority to allow a use in a zoning district that would not otherwise be allowed." *Id*. at 574-575. The Supreme Court noted the rule of finality, as follows:

> A challenge to the validity of a zoning ordinance "as applied," whether analyzed under 42 USC § 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality.
>
> The finality requirement is concerned with whether the initial decisionmaker has arrived at a definite position on the issue that inflicts an actual, concrete injury . . . . [*Id*. at 576-577 (cleaned up).]

The Supreme Court concluded that the city council's decision to deny the landowner's requested rezoning of real property was "not a final decision because, absent a request for a variance, there is no information regarding the potential uses of the property that might have been permitted." *Id*. at 580.

In contrast to the facts presented in *Paragon*, the Township Board's decision in this case to grant the conditional rezoning was a final decision subject to review in the circuit court. Defendants point to no procedure in the Township's Ordinance that would allow owners of adjacent property to seek a use variance for the subject property. Further, defendants cite no appellate caselaw standing for the proposition that a legislative body's decision to grant a rezoning request is not a final decision. Unlike in *Paragon*, where there was "no information regarding the potential uses of the property that might have been permitted," 452 Mich at 580, the conditional rezoning request that was approved in this case carried with it very express conditions describing the uses of the property that were permitted by the Township Board. The circuit court erred in ruling that plaintiffs' lawsuit was barred because they had failed to exhaust their administrative remedies.

## C. AGGRIEVED PARTIES

The circuit court also concluded that plaintiffs lacked standing to sue because they were not "aggrieved" parties under § 604 the MZEA and the Township Ordinance. The MZEA provides: "An appeal to the zoning board of appeals may be taken by a person aggrieved . . . ." MCL 125.3604(1). As the text indicates, this statutory subsection applies to appeals filed with the Board of Appeals. But as explained in the previous subsection, plaintiffs had no avenue of appeal to that board. This case presents a circuit-court challenge to a Township's decision to rezone

property, not an appeal of the Township Board's decision to the Board of Appeals. Therefore, the text of MCL 125.3604(1) is inapplicable to the present case. Moreover, because plaintiffs could not appeal to the Board of Appeals given the nature of their claims, it is beside the point whether they would qualify as "any aggrieved person" under § 13.8.2 of the Township Ordinance.

This Court's decisions in *Arthur Land Co* and *Sun Communities* further illustrate why plaintiffs' challenge to the Township's decision to rezone the subject property is a matter that falls within the circuit court's original jurisdiction, not within its appellate decision (as it would be if the circuit court were reviewing on appeal a decision from an administrative appellate body such as the Board of Appeals). "Because rezoning is a legislative act, its validity and the validity of a refusal to rezone are governed by the tests which we ordinarily apply to legislation," and the circuit court is not reviewing as an appellate court whether an administrative decision was supported by competent, material, and substantial evidence. *Arthur Land Co*, 249 Mich App at 664 (cleaned up); see also *Sun Communities*, 241 Mich App at 670. "There is no authority that requires a party to pursue *an appeal* to challenge the constitutionality of a legislative act of rezoning." *Sun Communities*, 241 Mich App at 672 (emphasis added).

In *Ansell v Delta Co Planning Commission*, __ Mich App __, __; __ NW2d __ (2020) (Docket No. 345993); slip op at 3, this Court recently considered whether the "aggrieved party" standard contained in § 604 of the MZEA applies to "appeals of zoning decisions where there was no provision for review by a zoning board of appeals." Relying on MCR 7.103(A)(3) and 7.122(A)(1), the *Ansell* Court concluded, "Both appeals from a township board and municipal zoning commission planning board are entitled to the same review." *Id*. at 4. We note, however, that *Ansell* involved the township's decision to grant a conditional-use permit (an administrative decision), not a rezoning (a legislative decision). *Id*. at 2. The *Ansell* Court relied on Const 1963, art 6, § 28, which provides: "All final decisions, findings, rulings and orders of any *administrative officer or agency* existing under the constitution or by law, which are *judicial or quasi-judicial* and affect private rights or licenses, shall be subject to direct review by the courts as provided by law." *Id*. at 4, quoting Const 1963, art 6, § 28 (emphasis added). The holding in *Ansell* therefore applies to a township's zoning decisions that are administrative in nature, but not to a township's zoning decisions that are legislative in nature, such as a rezoning. Even though the *Ansell* Court applied the "aggrieved party" provision of the MZEA to other types of appeals, including appeals from the administrative decisions of a township board, that decision does not apply to original actions in circuit court to challenge a township's legislative actions.

The provision of the MZEA relied upon by the circuit court to hold that plaintiffs were not "aggrieved parties" who could file an appeal, MCL 125.3604(1), does not apply in this case. The circuit court erroneously granted summary disposition to defendants under MCR 2.116(I)(2) on the grounds that plaintiffs did not qualify as "aggrieved" parties who could have—but failed to— file an appeal to the Zoning Board of Appeals under MCL 125.3604.

## D. STANDING

Even setting aside the question of plaintiffs' aggrieved-party status, there remains the question whether plaintiffs' have standing to sue. "[T]he term 'standing' generally refers to the right of a plaintiff initially to invoke the power of a trial court to adjudicate a claimed injury." *Olsen*, 325 Mich App at 180. In *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355;

-14-

792 NW2d 686 (2010) (cleaned up), our Supreme Court explained that the "purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." Thus, "the standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Id*. (cleaned up).

In *Olsen*, this Court noted the distinction between a party's attempt to "invoke the power of the trial court regarding a claimed injury" and a party's attempt to trigger "appellate review of a local unit of government's zoning decision when review is sought by a 'party aggrieved' by the decision" of a zoning board of appeals. *Id*. at 193. In contrast to *Olsen*, the present case does not involve a party's attempt to appeal a decision of a zoning board of appeals, but involves a party's attempt to challenge a rezoning decision made by the legislative body of the municipality. Similarly, although this Court in *Olsen* discussed and relied on *Brown v East Lansing Zoning Bd of Appeals*, 109 Mich App 688, 693, 700; 311 NW2d 828 (1981), the *Brown* Court considered a circuit-court appeal from the decision of a local zoning board of appeals to grant a variance, rather than a legislative decision of a local unit of government. Furthermore, the *Brown* Court applied a standing provision contained in a now-repealed statutory section. See *Olsen*, 325 Mich App at 189. Thus, neither *Olsen* nor *Brown* undermines plaintiffs' standing here.

Our Supreme Court's decision in *Randall* does shed some light on the standing required of a plaintiff who seeks to challenge the legislative zoning decision of a local unit of government. In *Randall*, the plaintiffs sought to enjoin a township board from amending a zoning ordinance to rezone real property from an agricultural zone to a commercial zone. *Randall*, 342 Mich at 606. The Supreme Court noted, "While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another." *Id*. at 608. The Supreme Court ruled that, while the courts did not have the authority to order a township board to refrain from engaging in the legislative act of rezoning a parcel of real property, the courts did have the authority to review "the validity of the amendment once it is adopted." *Id*. The plaintiffs in that case owned property adjacent to the property that the township sought to rezone. *Id*. at 606. Despite the township's argument that the plaintiffs had no "vested or contractual right to keep the adjacent property in its present zoning classification," the Supreme Court held:

> It does not follow, however, that plaintiffs have no standing in a court of equity to challenge the validity of an amendment to the zoning ordinance on the grounds of arbitrariness or unreasonableness of the proposed change *or irregularities in the proceedings*. Possible adverse effects of the change on their property create in them such an interest in the subject matter as to entitle them to maintain an action for that purpose. [*Id*. at 607 (emphasis added).]

Because the plaintiffs owned adjacent property, they had "an interest which would entitle them to maintain an action to challenge the validity of the amendment once it is adopted . . . and the courts have jurisdiction to entertain such actions." *Id*. at 608.

Similarly, because plaintiffs in this case own real property immediately adjacent to the real property that the Township Board conditionally rezoned, and because they alleged special injuries flowing from this legislative decision that are distinct from those suffered by the general public,

they have standing to challenge the conditional rezoning because they have a substantial interest "that is detrimentally affected in a manner distinct from that of the general public." *Lansing Sch Ed Ass'n*, 487 Mich at 378; see also *Randall*, 342 Mich at 607-608. And even if *Olsen* applied here (which it does not because this is not an appeal from a zoning board), plaintiffs' statutory entitlement to notice means that they are not merely adjoining property owners.

## E. NOTICE

Finally, we briefly address the matter of notice. In moving for partial summary disposition, plaintiffs argued that they had not received notice of the Planning Commission's meetings when it considered the request for a conditional rezoning of the subject property. With regard to notice, the MZEA provides in relevant part that "the zoning commission shall give a notice of a proposed rezoning in the same manner as required under section 103." MCL 125.3202(2). It is undisputed that the Planning Commission is a "zoning commission" under the MZEA. MCL 125.3301(1)(b). Section 103 addresses the notice required when a zoning commission holds a public hearing:

(1) Except as otherwise provided under this act, if a local unit of government conducts a public hearing required under this act, the local unit of government shall publish notice of the hearing in a newspaper of general circulation in the local unit of government not less than 15 days before the date of the hearing.

(2) Notice required under this act shall be given as provided under subsection (3) to the owners of property that is the subject of the request. Notice shall also be given as provided under subsection (3) to all persons to whom real property is assessed within 300 feet of the property that is the subject of the request and to the occupants of all structures within 300 feet of the subject property regardless of whether the property or structure is located in the zoning jurisdiction. Notification need not be given to more than 1 occupant of a structure, except that if a structure contains more than 1 dwelling unit or spatial area owned or leased by different persons, 1 occupant of each unit or spatial area shall be given notice. If a single structure contains more than 4 dwelling units or other distinct spatial areas owned or leased by different persons, notice may be given to the manager or owner of the structure, who shall be requested to post the notice at the primary entrance to the structure.

(3) The notice under subsection (2) is considered to be given when personally delivered or when deposited during normal business hours for delivery with the United States postal service or other public or private delivery service. *The notice shall be given not less than 15 days before the date the request will be considered.* If the name of the occupant is not known, the term "occupant" may be used for the intended recipient of the notice.

(4) A notice under this section shall do all of the following:

(a) Describe the nature of the request.

(b)  Indicate the property that is the subject of the request. The notice shall include a listing of all existing street addresses within the property. Street addresses do not need to be created and listed if no such addresses currently exist within the property. If there are no street addresses, other means of identification may be used.

(c)  State when and where the request will be considered.

(d)  Indicate when and where written comments will be received concerning the request.  [MCL 125.3103 (emphasis added).]

Thus, under the MZEA, the Planning Commission was required to "give a notice of a proposed rezoning," MCL 125.3202(2), to "all persons to whom real property is assessed within 300 feet of the property that is the subject of the request and to the occupants of all structures within 300 feet of the subject property" (i.e., plaintiffs, as owners of adjoining parcels), MCL 125.3103(2), "not less than 15 days before the date the request will be considered," MCL 125.3103(3).

In addition to the MZEA, the Township Ordinance also contains notice requirements relevant to a request for rezoning.  Section 14.3.3 provides, "If an individual property or ten (10) or fewer adjacent properties are proposed for rezoning the Township shall provide written notice in accordance with the requirements of Section 14.3.2." Those notice requirements are as follows:

The original petition and fourteen (14) copies thereof shall be filed with the Township Clerk. The Clerk shall transmit the petition and ten (10) copies thereof to the Township Planning Commission for review and report to the Township Board.  The Planning Commission shall conduct at least one (1) public hearing on the petition.  Notice of the public hearing shall be given in the following manner:

A.  The notice of the request shall be published in a newspaper of general circulation in the Township not less than fifteen (15) days before the date the application will be considered by the Planning Commission.

B.  The notice shall also be sent not less than fifteen (15) days before the date the application will be considered by the Planning Commission to all persons to whom real property is assessed within three hundred (300) feet of the property and to occupants of all structures within three hundred (300) feet of the property regardless of whether the property or occupant is located in the zoning jurisdiction. If the name of the occupant is not known, the term "occupant" may be used in making notification.

C.   Each  electric,  gas,  pipeline  public  utility  company,  each telecommunication service provider, each railroad operating within the district or zone affected, and the airport manager of each airport, that registers its name and mailing address with the Planning Commission shall receive a notice.

D.  The notice shall do all of the following:

1.  Describe the nature of the request.

2. Indicate the property that is the subject of the request.

3. The notice shall include a listing of all existing street addresses within the property. Street addresses do not need to be created and listed if no such addresses currently exist within the property.

4. If there are no street addresses, other means of identification may be used.

5. State when and where the request will be considered.

6. Indicate when and where written comments will be received concerning the request.

7. Indicate the place(s) and time at which the request may be examined.
[Lima Township Zoning Ordinance § 14.3.2.]

Thus, under its own Ordinance, the Township was required to provide written notice of a proposal for rezoning to plaintiffs, as owners of adjoining parcels, "not less than fifteen (15) days before the date the application will be considered by the Planning Commission." (Lima Township Zoning Ordinance § 14.3.2.A.)

It is uncontested that defendants did provide the required notice for the August 27, 2018 meeting of the Planning Commission, when that body first considered Smith's application for conditional rezoning of the subject property. Plaintiffs argue, however, that the Planning Commission did not resolve the request for a conditional rezoning on that date, and the Planning Commission was required to issue additional written notices when it considered Smith's revised application. Plaintiffs maintain that to allow the Planning Commission to provide a single notice to adjoining property owners, despite the fact that it considered taking action on the request at several separate public meetings held over the course of 10 months, fails to accord meaning to the MZEA's requirement that the Planning Commission provide notice to owners of adjoining property "not less than 15 days before the date the request will be considered," MCL 125.3103(3), and the similar requirement of § 14.3.2 of the Township Ordinance.

In granting summary disposition to defendants, the circuit court did not take up plaintiffs' notice arguments. Because we are remanding the matter, we decline to take up plaintiffs' notice claim in the first instance. Instead, we vacate the circuit court's denial of summary disposition on this issue, and the parties may take up this matter, as well as other pertinent matters, in the normal course on remand.

### III. CONCLUSION

By granting the application for conditional rezoning, the Township Board engaged in a legislative act, not an administrative or quasi-judicial one. From this fact, it follows that plaintiffs did not have to exhaust administrative remedies that were not available to them, nor did they have to establish that they were aggrieved parties to have standing. Accordingly, for the reasons stated, we reverse the circuit court's grant of summary disposition to defendants, we vacate its denial of

-18-

plaintiffs' motion for partial summary disposition, and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction, nor do we impose costs.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Michelle M. Rick